## IRA A. CLOUGH *vs.* IRVINE A. WHITCOMB.

In an action for the price of goods sold and delivered, it appeared that they were delivered by the plaintiff to the defendant directly, upon written orders addressed to the plaintiff by the defendant, which an agent of the plaintiff solicited and forwarded. *Held*, that instructions were inapplicable to the case, which assumed a delivery of the goods to the defendant by the agent in pursuance of an oral contract between them.

The allowance of a commission, by the seller of goods, to one who solicits orders for them, upon sales effected through such orders, does not render him, or prove him, an agent with authority to make absolute contracts of sale or barter.

CONTRACT on an account annexed for the price of goods sold and delivered by the plaintiff to the defendant. Trial, and verdict for the defendant, in the superior court, before *Pitman*, J., who allowed the following bill of exceptions :

" At the trial, it appeared, among other facts, that Pythagoras Clark, having previously been supplied with a peddler's cart and various goods, including pens and ink, and also with printed blank orders, by the plaintiff, met the defendant twice at his place of business in Lawrence; on each of which times one such blank order was filled out by the defendant, specifying the quantity, kind and price of goods wanted, signed by him, and forwarded by Clark by mail to the plaintiff in Lowell, whereupon pens and ink so ordered, which were the goods for which recovery was sought in this action, were forwarded at two different times by the plaintiff from Lowell to the defendant in Lawrence, by a common carrier.

" It also appeared that Clark was to receive a commission on goods forwarded upon such orders, and had received from the defendant, since the delivery of said goods, stationery to an amount equal to the price of goods claimed, which Clark agreed with the defendant to receive, and did receive, in payment of said goods, under authority so to do as an agent of the plaintiff, as the defendant claimed and as Clark testified in general terms ; but the plaintiff denied such agency, and this was the question to the jury.

" There was evidence tending to show that the plaintiff knew that the items in the first order had been sold by Clark to the defendant on barter, before the articles were forwarded composing the second lot; and that, although the plaintiff and the defendant met and discussed the price of goods to be furnished under the second order subsequently to such knowledge, the plaintiff made no objection to said first barter trade, and said nothing as to it to the defendant at that time, or previously ; and in regard to this last lot, the plaintiff testified that the sale was concluded between him and the defendant personally and not through Clark, but Clark and the defendant testified that these goods were furnished upon bargain made between them, and upon order sent to the plaintiff, like the first.

"The plaintiff contended that Clark was merely an agent to solicit orders, and that the defendant had no right to treat him otherwise ; that he was no agent to sell, exchange, or barter the goods of the plaintiff. The defendant contended that he was an agent with all such authority.

"The judge instructed the jury, among other instructions not objected to, as follows : 1. If Clark had authority to sell, but not to barter, and delivered these goods on barter, the plaintiff's remedy, if any, is on an action of another form, and not in this. 2. If Clark made the contract with the defendant for the goods, and the plaintiff agreed to give Clark a commission on said goods, then Clark was his agent to sell said goods. These instructions were given at the defendant's request, after the charge ; and were excepted to by the plaintiff."

A copy of one of the blank orders was annexed to the bill of exceptions, and appeared to be a printed form, addressed to the plaintiff, and giving the description, quantity and money price per dozen or per gross of goods desired from him.

*W. H. P. Wright*, for the plaintiff.

*E. T. Burley*, for the defendant.

WELLS, J. It appears by these exceptions that the goods in question were delivered to the defendant by the plaintiff, directly ; and not through Clark, the alleged agent. They were so delivered upon written orders, signed by the defendant, addressed to the plaintiff, and giving the description, quantity and prices of the goods desired. These orders were solicited and forwarded by Clark, who was the plaintiff's agent for that purpose, and was to have a commission upon sales so made. Whether he was authorized to make contracts of sale and to receive payments, or to make agreements as to the mode of payment, was in dispute upon the conflicting testimony of the parties. Unless he had such authority, or was held out by the plaintiff as having such authority his receipt of, or agreement to receive, in payment, other goods, by way of barter, would not bind the plaintiff, and he may recover for the goods in this action. Upon the face of the orders upon which the goods were delivered, the price is payable in money to the plaintiff.

The first instruction given to the jury seems to us exceptionable, because not properly adapted to the facts of the case. There was no evidence that the goods were delivered to the defendant by Clark upon a contract for the same made by himself, as agent of the plaintiff, or otherwise. It was in dispute whether the contract of sale was made by Clark, as agent, or by the plaintiff directly; but the delivery, as the case is reported, was not made by Clark; and it was made by the plaintiff, not upon any verbal contract with Clark, but upon the defendant's written order, addressed to the plaintiff himself. The case therefore differs essentially from *Brigham* v. *Palmer*, 3 Allen, 450. The facts indicate a contract of purchase and sale with the plaintiff directly, and not with the agent. *Finch* v. *Mansfield*, 97 Mass. 89.

The second instruction is erroneous in itself. A commission, allowed to one who solicits orders, upon sales effected through such orders, does not constitute him or prove him to be an agent with authority to make absolute contracts of sale; much less to receive payments, and make agreements to receive payments in other goods by way of barter. As we understand the instruction, it was that an agreement to give Clark a commission on goods sold through his solicitation made or proved him to be an agent to sell said goods. This instruction, taken with the previous one, rendered a verdict for the defendant almost inevitable. For these reasons, a new trial should be had.

There was evidence tending to show that, either by previous authority or by subsequent acquiescence, the plaintiff sanctioned the mode of dealing adopted by Clark. But it does not appear that the verdict was rendered on that ground, and no question is now open before us in relation to it. *Exceptions sustained.*