S. D. BURBANK *et als. vs.* JOHN W. McDUFFEE.

Cumberland, 1875.—July 3, 1876.

*Peddler.*

The statute, c. 44, § 1, does not apply to goods forwarded from without the state, upon the order of a purchaser, though such order was procured through an agent of the sellers, who was unlawfully traveling, and offering goods against the prohibition of R. S., c. 44, § 1.

Where the plaintiffs in New York, forwarded goods to the defendant in Maine, on his order, procured by their unlicensed traveling agent, *held*, in a suit for the price of the goods, that the fact that the agent in procuring the order was in violation of R. S., c. 44, § 1, because not licensed, was no defense, and that for goods thus forwarded upon the order of the purchaser, the sellers were entitled to recover.

The person unlawfully traveling and selling, or offering goods for sale, without license, and against the provisions of R. S., c. 44, § 1, is alone liable to the penalty, and the goods unlawfully carried by him, are alone subject to the forfeiture therein prescribed.

ON EXCEPTIONS from the superior court.

ASSUMPSIT for jewelry in two items, forwarded by the plaintiffs from their office in New York, to the defendant at Lewiston, the first lot charged March 21, 1874, at $31.50, the second, April 1, 1874, at $9.83.

The justice presiding who tried the cause without a jury, and with right of exception, allowed the second item, but disallowed the first, under a ruling to which the plaintiffs excepted, which is stated in the opinion.

*N. Morrill* and *G. C. Wing*, for the plaintiffs.

*M. P. Frank*, for the defendant.

APPLETON, C. J. These plaintiffs received from the defendant an order dated February 28, 1874, for certain goods which they forwarded on 21st March, to the amount of $75.38. The defendant returned goods to the value of $43.88, leaving a balance of $31.50 due.

The plaintiffs received a second order dated March 26, for cer-

tain articles of the value of $9.75, which they forwarded the defendant on April 1, 1874, in a registered letter.

It appearing that one Chandler, a traveling salesman for the plaintiffs, procured the defendant to give the first order, the presiding judge ruled that under the provisions of R. S., 1871, c. 44, § 1, the plaintiffs could not recover for the goods so ordered and retained, and rendered judgment for the plaintiffs, only for $9.83, being for the goods forwarded April 1, 1874.

By R. S., 1871, c. 44, § 1, "no person, except as hereinafter provided, shall travel from town to town, or place to place in any town, on foot, or by any kind of land or water conveyance, carrying for sale, or offering for sale, any goods, wares or merchandise, whole or by sample, under a penalty of not less than fifty, nor more than two hundred dollars, and the forfeiture of all property thus unlawfully carried," &c., &c.

The statute relates to hawkers and peddlers. It imposes a fine on the person traveling in violation of its provisions. It forfeits goods "unlawfully carried." It forbids the traveling and "the carrying for sale, or offering for sale," but not the selling. It does not make the sale void, unless by implication, and that a forced one. But forfeitures and the confiscation of honest debts are not to be implied. They must be the results of express legislation, and not a matter of inference. In *Harris* v. *Runnells*, 12 Howard, (U. S.) 79, it was held, that when the sale was an offense by reason of a statute, but the act itself was not immoral, and the sale itself was not declared void by the statute, there was no implication from the mere infliction of the penalty, that the contract was void.

The sale was effected by an order drawn by the defendant upon the plaintiffs. Suppose it be conceded, that the defendant gave his order by the procuration of the plaintiffs' agent, still the act does not prohibit this. In the act relating to intoxicating liquors, R. S., c. 27, § 20, "the offering to obtain, or obtaining orders for the sale of any spirituous, intoxicating or fermented liquors," &c., is made penal. But the statute under consideration has no prohibition against "offering to obtain, or obtaining orders," and imposes no penalty upon so doing. It is not for the court to inter-

polate by judicial construction, what the legislature did not deem it wise to insert.

These plaintiffs are not within the prohibitions of the section upon which the defense is based. They have violated no law. They have incurred no penalty. They are residents of another state and have not traveled in violation of any law of this state. No penalty could be recovered of them. All they have done is to forward the defendant's goods upon his order.

The forfeiture of goods is restricted to "all property thus unlawfully carried." But the goods sold the defendant were not "thus unlawfully carried." They were lawfully forwarded from New York in pursuance of the request of the defendant under his own hand and no reason can be given why he should avoid the payment of a just debt. The defense is destitute of common honesty, and it would be little to the credit of the law, if it could be sustained.

When the unlawfully traveling peddler has paid the fine imposed for his unlawful traveling and his "property thus unlawfully carried" round by him for sale has been declared forfeited, the penalties of the statute are exhausted. It would be judicial legislation to add to the penalties of the statute.

Besides, the sale was not made in this state. The defendant transmitted his order for certain goods. No contract of sale was made here. The contract was not completed till the order was accepted. The acceptance was in New York. *Sortwell* v. *Hughes*, 1 Curtis, C. C., 244. It was optional with the plaintiffs to send the goods or not.

It does not become necessary to consider whether the statute in question is constitutional or not. *Ward* v. *Maryland*, 12 Wallace, 418.                    *Exceptions sustained*.

WALTON, DICKERSON, VIRGIN and PETERS, JJ., concurred.