BILLINGS, TAYLOR AND COMPANY *vs.* HARRISON B. MASON.

Hancock. Opinion August 3, 1888.

*Contract. Sales. Agency. Traveling salesman.*

When a merchant makes a contract for the purchase of goods of an agent who agrees to receive other merchandise of a specified amount and price in part payment, and the goods purchased are shipped to the merchant by the principal, the agreement of the agent in regard to the method of payment is binding upon the principal though it was unauthorized by him.

ON exceptions.

The plaintiff is a corporation located in New York.

The case and material facts are stated in the opinion.

*Wiswell, King and Peters,* for plaintiff.

The case of *Trainer* v. *Morison*, 78 Maine, 160, decides that an agent who has authority to contract for the sale of chattels has authority to collect pay for them (at the time, or as a part of the same transaction) in the absence of any prohibition known

to the purchaser. But we do not understand that that case denies the well established rule that agents who are merely employed to sell, and who are not entrusted with the custody of the goods, have no implied authority to receive payment. In fact, Judge HASKELL, in the opinion in *Trainer* v. *Morison*, *supra*, says, "A traveling agent, who assumes only to solicit orders for goods to be sold at the option of his principal, may well be held unauthorized to make collections." See Benjamin on Sales, § 1095, and cases cited.

An agent who has authority to receive payment has power to receive it in money only. See Story on Agency, § 98, where the rule is laid down in this language : "So an agent authorized to receive payment has not an unlimited authority to receive it in any mode which he may choose ; but he is ordinarily deemed intrusted with the power to receive it in money only." And see the English cases there cited. In Benjamin on Sales, § 1099, the principle is thus stated : "Payment to an agent must be in money." And further, that a broker or agent employed to sell, has *prima facie* no authority to receive payment otherwise than in money, according to the usual course of business, has been well established." And see notes in fourth Am. Ed. to above section.

Independently of any reasoning upon the subject, the very question in dispute has long been settled. In Story on Agency, § 78, it is said, "An authority to an agent to sell goods does not authorize him to exchange them in barter, or to pledge them ; for there is no usage or trade to that extent." And the English case of *Guerreiro* v. *Peile*, 3 Barnewall and Alderson, 616, is cited in support of the doctrine. In the comparatively recent case of *Clough* v. *Whitcomb*, 105 Mass. 482, almost the exact question, if there can be any question, as to a principle so long and clearly settled, is decided. It is there said, "A commission, allowed to one who solicits orders upon sales effected through such orders, does not constitute him or prove him to be an agent with authority to make absolute contracts of sale : much less to

receive payments, and make agreements to receive payments, in other goods by way of barter."

*Hale and Hamlin*, for the defendant, cited : *Butler* v. *Maples*, 9 Wall. 766 ; *Trainer* v. *Morison*, 78 Maine, 163 ; *Methuen Co.* v. *Hayes*, 33 Maine, 169.

DANFORTH, J.   In this action no material facts are in dispute. The court allowing certain alleged payments directed a verdict for the balance, to which order the plaintiff excepts on the ground that no part of such payment should be allowed.

The action is assumpsit upon an account annexed.   The defendant admits that he received from the plaintiff the goods charged and makes no question as to the prices.   This makes a *prima facie* case against him, and though technically it does not change the burden of proof it devolves upon him, if he would avoid this responsibility, to give some reason why.   The explanation offered by the defendant is that, though he received the goods from the plaintiff, he received them by virtue of an express agreement with an agent or traveling salesman of the plaintiff, one element of which was that certain goods, of a like kind which the defendant then had should be taken in payment. This agreement with the agent is not questioned, but the answer to it is twofold ; first, that the agent had no authority to make such a contract, and secondly, that the contract under which the action is sought to be maintained was made directly with the plaintiff, though in some degree through the instrumentality of the agent.

Assuming under the first, that the agent had no authority to make the contract he did, and the evidence is quite conclusive upon that point, still it does not change the conceded fact, that he not only assumed the authority to do so, but did actually make such a contract.   Waiving for the moment the second point raised, this was the only contract having the assent of the defendant, the contract under which he acted and by virtue of which he obtained the goods.   It is quite clear that the plaintiff cannot hold him upon a contract he did not make, or repudiate the contract in part and hold the remainder valid.   *Brigham* v.

*Palmer*, 3 Allen, 450–452. Nor can he be holden upon an implied contract, for that is excluded by the express.

The second point relied upon by the plaintiff must fall with the first. True, the order for the goods was sent to the principal, presumably by the agent, with the consent of the defendant. But as to the nature of the order received there is a singular absence of testimony, though we have the evidence of the plaintiff's business manager. Whether it was accompanied with a statement of the contract does not appear. It is certain the agent had no authority to send any other, and by no other would the defendant be bound. He had a right to suppose that the plaintiff's own agent would send the order correctly and that when he received the goods, they were sent according to the contract. If such were the case, the contract of the agent would be affirmed by the principal, in sending the goods. If such were not the case the defendant would certainly be no more bound than the plaintiff, who first gave credit to the agent. This case differs materially from that of *Clough* v. *Whitcomb*, 105 Mass. 482, in which an order in writing signed by the defendant was sent to the plaintiff; nor is it like that of *Finch* v. *Mansfield*, 97 Mass. 89, in which the agent did nothing more than solicit an order and forward it as received for the action of his principal. But in the principle involved this case is like that of *Wilson* v. *Stratton*, 47 Maine, 120, in which the agent assumed to make the contract of sale with some conditions and it was held that the contract was not completed till the conditions were complied with.

It is not, however, now a question as to the validity of the contract made, but what was that to which the defendant assented. He can be held to that and to no other. In any view we can take of the case there seems to be no doubt as to the terms of the agreement to which his assent was given. If that was a valid contract the ruling was clearly correct. If it was not, the ruling was more favorable to the plaintiff than it was entitled to in this form of action. In either case the exceptions must be overruled.

PETERS, C. J., LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.