FERDINAND A. BENSBERG, Respondent, v. WILLIAM
S. HARRIS, Appellant.

**St. Louis Court of Appeals, October 27, 1891.**

1. **Principal and Agent:** AUTHORITY OF TRAVELING SALESMAN.
   A sale of goods made by a traveling salesman is not binding upon
   his principal, if it appears from the uncontradicted evidence that
   he was authorized merely to solicit or take orders for the goods,
   subject to the approval of the principal ; and the instructions
   given to him by the principal are conclusive of the scope of his
   agency, if not enlarged by the ratification of the exercise of greater
   authority.

2. **Witnesses :** CALLING UPON OPPOSITE PARTY TO TESTIFY : DEPOSI-
   TIONS. If one party calls upon the other to testify, or reads in
   evidence a deposition taken by the opposing party, he in either
   case vouches for the credit of the witness.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

REVERSED (*and judgment for respondent*).

*Pollard & Werner*, for appellant.

A party introducing a witness represents him to the
court as worthy of credit, and stands as his indorser,
and cannot discredit him, though he may contradict him
by showing, by other witnesses, that a fact testified to
by him is different from that testified to by such witness.
1 Greenleaf on Ev. [ 14 Ed.] sec. 442, p. 538 ; 1 Whart.
on Ev. [ 3 Ed.] sec. 549 ; 2 Best on Ev. [ 1 Am. Ed.] sec.
645, p. 1080 ; *Burkhalter v. Edwards*, 16 Ga. 593 ; *Coul-
ter v. Express Co.*, 56 N. Y. 585 ; *Hice v. Cox*, 12 Ired.
L. 318. Where one party makes the witness of the
other party to a suit his own, he is by this rule estopped
from discrediting him, and this whether by cross-exami-
nation concerning a new matter. *Fairchild v. Bascomb,*

35 Vt. 417; *Church v. Ins. Co.*, 23 How. Pr. 448. Or by using the deposition taken by the other party. *Richmond v. Richmond*, 10 Yerger, 343; *Cudworth v. Ins. Co.*, 4 Rich. (Law) 416.

*A. A. Paxson* and *Chas. F. Joy*, for respondent.

ROMBAUER, P. J.—The defendant is a manufacturer of whiskeys in the state of Kentucky, and, at the dates hereinafter mentioned, J. S. Hackley was one of his traveling salesmen or solicitors, and as such executed the following memorandum of sale:

"St. LOUIS, April 26, 1890.

"This is to certify that I have sold P. K. Lenehan, of St. Louis:

100 bbls. Ky. Dew Whiskey, made........April, 1889.
100 bbls. Ky. Dew Whiskey, made........May, 1889.
 50 bbls. Ky. Dew Whiskey, made........March, April or May, 1888.

"The '89 at forty cents per gallon, and the '88 at fifty-five cents per gallon, cash, and I also guarantee the outage according to the 'Carlisle Bill' on each and every five-barrel lot, storage paid up until May 1, 1890, on all of it, and insurance to hold good until May 10.

"W. S. HARRIS,

"Per J. S. HACKLEY."

Lenehan assigned his interest in the contract to the plaintiff, who, upon the defendant's refusal to deliver the goods mentioned, instituted the present action to recover damages for a breach of the contract, and, upon its trial before the court sitting as a jury, recovered judgment. The only error assigned is that there was no evidence showing any authority on the part of Hackley to execute the contract sued upon, and hence no evidence warranting a recovery.

The plaintiff gave evidence showing that he had known Hackley for years, and that Hackley for some time prior to the execution of the memorandum of sale

had been traveling for the defendant as salesman ; that, a few weeks anterior to the execution of the memorandum, Hackley had offered the whiskeys mentioned therein to Lenehan at the prices therein mentioned ; that such offer was not accepted by Lenehan at the time, but was subsequently accepted, and orders for the whiskey were sent to the defendant to be filled, which orders the defendant declined to fill on the ground that the prices were below the ruling market rates at the time. There was no evidence that Hackley had stated to Lenehan, or the plaintiff, the extent of his authority as salesman, nor was there any evidence that Hackley had at any time, with the defendant's knowledge or sanction, made an absolute sale of the defendant's goods or that the defendant ever held him out to the public as possessing such authority. The defendant's deposition taken on his own behalf was read in evidence by the plaintiff, and Hackley was the only witness examined by the defendant. It appeared from the defendant's deposition, as a whole, that Hackley was his traveling salesman or solicitor, with authority to send in orders for goods subject to the defendant's approval, which fact was in no way contradicted by the testimony of Hackley.

Such being the evidence, it is apparent that it was wholly insufficient to warrant the judgment rendered. The fact of agency, as well as its scope and extent, may be proved by the habit and course of dealing between the parties ( 2 Greenl. Ev., sec. 65 ), but can never be established by the acts and declarations of the alleged agent alone. *Farrar v. Kramer*, 5 Mo. App. 167. Here no course of dealing was shown, which would warrant the finding that the agent had authority to make absolute contracts of sale for his principal, and, in the only instance wherein he had done so, his act was not ratified by his principal.

Evidence of instructions by a principal to his agent are always admissible as original evidence to prove the

extent of his agency, although when opposed to the agent's acts beyond such authority, sanctioned or ratified by the principal, they are entitled to but little weight. But, when there is no conflict shown between the instructions to the agent and his ratified acts, such instructions become controlling in defining the scope of the agency. The plaintiff in making the defendant his witness, while not bound by his testimony, vouched for his credit. 1 Greenl. Ev., sec. 442 ; *Coulter v. American Merchants' Union Express Co.*, 56 N. Y. 585. And the same rule applies where one party reads the deposition of a witness taken on behalf of his opponent (*Richmond v. Richmond*, 10 Yerger, 343 ), as the witness thereby becomes the witness of the party reading the deposition. *Cudworth v. Ins. Co.*, 4 Rich. (Law) 416. As the testimony of the defendant, offered in evidence by the plaintiff, was to the effect that the authority of Hackley was limited to taking orders subject to his approval, and as such evidence stands uncontradicted, it was necessarily binding upon the plaintiff, and should have resulted in a judgment for the defendant.

Proceeding to enter such judgment upon the record as the court below should have rendered, we reverse the judgment, and enter judgment for the defendant. All the judges concur.