### A. L. DEANE & COMPANY v. LEONARD EVERETT, Appellant.

**Notice of Agent's Authority.** There can be no recovery for damages for the nonfulfillment of an order given to an agent when the buyer sees a statement on a blank order in the agent's possession, but which blank is not used, that nothing but delivery should constitute an acceptance by the principal. (2)

SAME. Whether an order which, on its face, is but the request of the signer, is binding, without acceptance, is doubtful. See *Machine Company v. Richardson*, 56 N. W. Rep. 682. (2)

**Custom of Trade.** Testimony that custom authorizes traveling agents to fix the price of their goods, if admissible at all, must deal with the custom prevailing in the sale of goods of the kind in suit. (3)

Verification of Pleading: HARMLESS ERROR. A refusal to strike a reply for insufficient verification is harmless where a verified amendment to it is subsequently filed without objection. (1)

*Appeal from Council Bluffs Superior Court.*—HON. J. E. F. McGEE, Judge.

FRIDAY, FEBRUARY 2, 1894.

ACTION at law to recover the contract price of one iron safe sold by the plaintiffs to the defendant. There was a trial before the court without the intervention of a jury, and a judgment for the plaintiffs. Defendant appeals.—*Affirmed.*

*B. W. Hight* for appellant.

*Sims & Bainbridge* and *Montgomery, Charlton & Hall* for appellees.

ROTHROCK, J.—I. The plaintiffs are general agents for the sale of Hall's safes, bank and time locks, and their place of business is at the city of Omaha, in the state of Nebraska. On the fifth day of October, 1891, one of the agents or solicitors of the plaintiff called upon the defendant at his place of business in the city of Council Bluffs, in this state, and took from the defendant two orders, which were in these words:

"OCTOBER 5, 1891.
"*A. L. Deane & Co., Agents for Hall's Safes, Bank & Time Locks:* Please ship, as soon as possible, to Leonard Everett, town of Council Bluffs, county of Pottawattamie, state of Iowa, one number 86 X fire burglar proof safe, as illustrated on page 65 of Hall's Safe & Lock Co.'s catalogue. The inside measurement of same to be 36 inches high, 27 & 1-2 inches wide, 19 inches deep. For the said safe, delivered free in my office, directed as above, I agree to pay to your order the sum of three hundred and sixty dollars ($360.00,)

as follows: Cash on arrival of safe, and my other safes to be placed as I may direct in my office.

"LEONARD EVERETT.

"To be delivered within 3 days.

"C. B. POPE, Agent."

"COUNCIL BLUFFS, IOWA, October 5, 1891.

"*A. L. Deane & Co., Agents for Hall's Patent Safes, Bank & Time Locks:* Please ship, as soon as possible, to Leonard Everett, town of Council Bluffs, county of Pottawattamie, state of Iowa, one number 84 2nd hand fire McNeal & Urban safe. For said safe, delivered free in my office, directed as above, I agree to pay to your order the sum of fifty-five dollars ($55.00), as follows: Cash on arrival of safe; the safe shown to me.

"LEONARD EVERETT.

"To be delivered within 3 days."

These orders were taken to the place of business of the plaintiffs, when they immediately refused to accept the order for the McNeal & Urban safe, and notified the defendant of such refusal by the following letter:

"OMAHA, 10—5, 1891.

"*Leonard Everett, Council Bluffs, Iowa.*—DEAR SIR: Referring to the order for safes given our man to day, will say that it will be impossible for us to fill the orders at the price mentioned. It would be an extraordinary low price for the safes, delivered here in Omaha on first floor; and taking the cost of hauling to Council Bluffs, and hoisting to 2nd floor, from that, leaves us no margin for doing business. But we will do this: If you will add twenty ($20.00) dollars to your offer we will accept, and place safes in your office as directed in order; otherwise we shall have to decline filling it.

"Yours, very respectfully,

"A. L. DEANE & CO.

"P."

The other order was accepted, but nothing more transpired in the matter until October 15, when the same agent again called on the defendant, and notified him that the second order would not be filled. These two orders were written upon the same sheet of paper, and the defendant detached the last one and kept it, and delivered the first one to the agent, and said to the agent, "perform as much of the contract as you can." The plaintiffs delivered the Hall safe, and put it in position in defendant's place of business. This action was brought to recover the amount named in the first order and interest.

The defendant set up a defense and cross claim by which he demanded damages because the plaintiffs injured his building in placing the safe therein, and because the lock of the safe was defective. He further claimed damages for a refusal to comply with the order for the McNeil & Urban safe. The pleadings were verified and the plaintiffs filed a reply to the answer and cross claim, which was verified by one of the plaintiff's attorneys. The defendant moved to strike the reply from the files because the verification was insufficient. The court overruled the motion, and the defendant excepted to the ruling. The defendant then filed a written motion for the oral examination of the attorney who verified the reply, touching his competency to make the verification. The court overruled the motion, and defendant excepted. After plaintiffs closed the introduction of their evidence, the defendant called the said attorney as a witness, and examined him touching his competency to make the verification, when another written motion was made to strike the reply. The plaintiffs filed a motion to strike this motion from the files. The motion to strike the motion was sustained and the defendant excepted. It is claimed that the court erred in these several rulings. These successive motions show a novel, and rather remarkable, line of

practice. When the court made the ruling on the first motion, that should have been an end of that question in the case. We need not determine whether the ruling was right or wrong. The record shows that, after the evidence was introduced, the plaintiffs filed an amended and substituted reply, which was verified. This last reply was not attacked in any way, and the rulings of the court on the first reply were without prejudice.

II. The theory of the defense was that the two orders were an entire contract, and that defendant should be allowed to recover damages for failure to deliver the McNeal & Urban safe. This is not a material question in the case, because the evidence shows beyond all doubt that the plaintiffs had the right to refuse to accept that order. It appears without conflict that, when these orders were taken, the agent proposed to use one of the blank orders prepared and used by the plaintiffs in the business of taking orders. The defendant read that order through, and it contained the following language: "Nothing but shipment or delivery constitutes an acceptance of this order." It is true the defendant objected to this order, but not upon the ground that it was a mere order subject to acceptance. And it is also true that the defendant testified as a witness that he did not observe this provision of the order; but he testified that he "read it over" and refused to sign it. The reading of this blank order was distinct notice that the agent had no authority to take an order which might not be rejected by the plaintiffs. It is said that a copy of this blank order was not competent evidence. We think this claim can not be sustained. The paper was shown to be an exact copy of the blank which defendant read over, and it was competent evidence to show notice to the defendant of the extent of the agent's authority. The orders which the defendant signed were written in his office immediately after

reading the blank order.  We have discussed this ques-. tion upon the assumption that this order was a contract binding on the plaintiffs.  That position may admit of much doubt.  On its face it was no more than a request signed by the defendant.  See *Machine Co. v. Richardson*, 56 N. W. Rep. (Iowa), 682.

III.  A number of witnesses were called by the defendant by which it was sought to prove that there was a custom or usage of wholesale merchants by which their traveling agents were authorized to bind their principals by fixing the price of goods sold.  None of these witnesses claimed to have any knowledge of any such custom or usage in the sale of iron safes.  This was sufficient ground for rejecting the evidence.  We do not determine whether such evidence would be competent in any case.

IV.  The defendant complains because he was not allowed damages, for the reason that the lock of the safe was deficient, and because of the injury to his building in putting the safe in position.  The judgment rendered was for three hundred and .sixty-two dollars. Payment was to be made in cash when the safe was delivered.  The plaintiff was entitled to interest from the time the safe was delivered to the time of judgment. A computation of the amount of interest shows that the defendant was allowed about five dollars damages. This so nearly equals the amount shown by the evidence that we would not reverse the judgment on that ground.  The case demands no further consideration. AFFIRMED.