# Gould *v.* Cates Chair Co.

*Action on Sales Contract.*

(Decided June 30, 1906.　41 So. Rep. 675.)

1. *Appeal; Harmless Error; Rulings on Evidence.*—Where there was a controversy as to the balance due on a contract of sale, and the jury found with the defendant's contention, on appeal by defendant, error in the admissibility of evidence supporting plaintiff's claim was harmless.

2. *Evidence; Opinion of Witness; Principal and Agent; Authority of Agent.*—A witness who knows the facts may testify that the authority of a traveling salesman of a corporation was limited to taking orders subject to approval by the corporation.

3. *Sales; Contract; When Completed.*—A traveling salesman, authorized to take orders subject to approval, sold goods to a buyer indicated by an order specifying the goods and the price to be paid and signed by the salesman only. Held, the order did not constitute a contract in the absence of an acceptance by the manufacturer.

4. *Same.*—In April a traveling salesman, with authority to take orders subject to approval, sold a bill of goods to the buyer, which his principal approved and filed. During the following September the same salesman sold other goods to the same buyer, and made out a written order designating the goods and the price forwarded it to his principal, who held the order until November without indicating to the buyer whether it was accepted or rejected. Held, that the silence on the part of the principal, or manufacturer, did not constitute an acceptance of the order.

5. *Same.*—In November the buyer wrote to the manufacturer con-

cerning the order, and the manufacturer replied declining the order at the price stated therein. Held, that the correspondence sufficiently showed a non-acceptance of the order.

6. *Customs and Usages; Knowledge of Customs; Presumption.*—It cannot be presumed that a manufacturer whose place of business was in North Carolina had knowledge of customs prevailing in one point in Alabama.

7. *Same; Evidence; Admissibility.*—As affecting the principal of salesmen, proof of a custom obtaining among such salesmen alone, is inadmissible.

8. *Principal and Agent; Power of Agent; Evidence as to Authority; Declaration of Agent.*—Whether or not the salesman said to the buyer that he was merely taking a bid from him, which would have to go to the house for acceptance or rejection, was incompetent as against the principal.

APPEAL from Mobile Circuit Court.

Heard before HON. SAMUEL D. BROWNE.

Action by Cates Chair Company against A. L. Gould. From a judgment for plaintiff, defendant appeals.

The defendant interposed several pleas—the first being the general issue; the second, plea of tender of $33.42; the third, a plea of set-off for damages growing out of the breach of the contract between the parties in the sum of $48.67; and the fourth was the plea of set-off for damages for breach of contract, expressed in somewhat different terms, except as to the amount of damages, coupled with it an offer or tender of the difference between the amount claimed to be due and the amount claimed as damages for breach of the contract, which is alleged to be $33.42, and which sum was paid into court. The facts sufficiently appear in the opinion, except the order referred to, which is in words and figures as follows: "Order No. _____ 9-2-1903. Cates Chair Co., Ship to A. L. Gould, at Mobile, Ala., How ship, _____. When, _____. Terms: 10 & 5 off 60. 30 doz. No. 25 chairs, $6.75. 3 doz. No. 26 R. chairs, $9.00. Ship 10 doz. chairs and 2 doz. rockers on order of 4-11, and 10 doz. chairs and 2 doz. rockers 30, 60, and 90 to complete this and back order. (Signed) J. L. Smathers." The other facts sufficiently appear in the opinion of the court.

[Gould v. Cates Chair Co.]

R. W. STOUTZ, for appellant.—If the extent of the authority of the salesman was to be questioned at all defendant's evidence of general usage or custom as to the authority of traveling salesmen should have been admitted.—*Kaufman, et al. v. Farley Mfg. Co.*, 78 Iowa, 679. The actual authority delegated to the agent is not material. We are concerned with the apparent scope of the authority of the agent.—*Montgomery Furn. Co. v. Hardaway*, 104 Ala. 100; *Wheeler v. McGuire*, 86 Ala. 402. The courts judicially know that a vast deal of the business of the country is transacted through traveling salesmen.—*Simon v. Johnson*, 101 Ala. 370.

One dealing with the agent or officer of the corporation within the scope of the apparent power of such agent or officer, is not affected by the secret instructions of the corporation or the secret limitations which may have been placed upon his power.—*Birmingham Co. v. Bank*, 99 Ala. 379; *Higman v. Camody*, 112 Ala. 467. The contract being in writing and purporting to be a contract on its face the principal was estopped to dispute the authority of the agent.—*Tobias v. Morris*, 126 Ala. 535. If the authority of the agent and its extent rests in parol then it becomes a question of fact for the jury when it is a disputed fact, and not a question of law for the court.—*Buist v. Eufaula Drug Co.*, 96 Ala. 292; *Syndicate Ins. Co. v. Catchings*, 104 Ala. 176; *U. S. L. I. Co. v Lesser*, 126 Ala. 568; *B. M. R. Co. v. T. C. I. & R. Co.*, 127 Ala. 137. Counsel discusses other assignments of error but cites no authority.

HAMILTON & THORNTON, for appellee.—The principle that a person dealing with an agent must know the extent of his authority, and this authoriyt must be proved otherwise than by the declarations or acts of the agent applies in this case.—*Van Eppes v. Smith*, 21 Ala. 317; *Powell v. Henry*, 27 Ala. 612; *McMillan v. Wooten*, 80 Ala. 283; *Howe Co. v. Ashley*, 60 Ala. 496. While a general business custom or usage may be shown the custom of the particular locality cannot be.—*Simon. v. Johnson*, 101 Ala. 368.

DENSON, J.—There are many grounds in the as-
signment of errors, which, on account of undisputed
facts in the case, it will not be necessary for us to con-
sider. The plaintiff was a corporation in the state of
North Carolina, doing business as a manufacturer and
seller of chairs. It had in its employ one Smathers as
a traveling salesman of its products. Smathers, in
April, 1903, in the course of his employment as such
salesman, took from the defendant, who was engaged in
the furniture business in Mobile, Ala., an order for a
bill of chairs amounting to $270. This order stipulated
that the chairs were to be shipped in installments. It
was forwarded by Smathers to the plaintiff. It is con-
ceded that the plaintiff accepted this order and made
shipment on it of all the chairs stipulated for in it. It
was also conceded by plaintiff that the defendant had,
before the commencement of this suit, paid all that was
to be paid on the order except $90. The defendant con-
tended that by reason of discounts agreed to be allowed
he owed only $81, and the verdict of the jury is in ac-
cord with this contention. So that, so far as the amount
due on the plaintiff's claim is concerned, if there was er-
ror in the rulings of the court on the admissibility of
evidence to support plaintiff's claim, certainly it was
not prejudicial to the appellant.

But the defendant pleaded a set-off. His contention
on the trial was that on the 2d day of September, 1903,
he gave to Smathers, the salesman of plaintiff, an order
for chairs; that the plaintiff received the order, but nev-
er shipped the chairs, and declined to do so. Defendant
insisted that this order, when given to Smathers, was
a complete contract, binding plaintiff to ship the chairs,
and the plaintiff breached it. The defendant contends
that, after Smathers received his last order, chairs such
as were specified in the order advanced in price, and he,
on account of plaintiff not shipping the chairs on the
last order, was damaged in the sum of $48.67; that be-
ing the difference between the price named in the order
and the price when the order, according to his insist-
ence, should have been filled. At the conclusion of de-
fendant's evidence the court on motion of the plaintiff,

[Gould v. Cates Chair Co.]

excluded all of the evidence offered by the defendant, and at the request of the plaintiff in writing charged the jury, if they believed the evidence, they should find a verdict for the plaintiff. The question for consideration, in connection with defendant's contention, involves the authority of the salesman and its extent. The plaintiff's contention in this respect was, and is, that Smathers was only a soliciting agent, and that orders taken by him were never binding on it until they were approved and accepted by plaintiff. The witness Cates testified (and it was competent evidence under *Bensberg v. Harris,* 46 Mo. App. 404) that Smathers was plaintiff's traveling salesman, with authority to take orders on commission subject to plaintiff's approval. In the case of *Simon & Son v. Johnson,* 101 Ala. 368, 13 South. 491, one phase of the authority of a traveling salesman was considered and determined by this court; the precise question there determined being that a traveling salesman of merchandise, making sales by sample on a credit or for cash to be paid on receipt of the goods or the invoice of them, has no implied authority to collect the money agreed to be paid from the purchaser.

The precise question presented by this record has not been determined by this court. In the case of *Clough v. Whitcomb,* an order was taken for goods by a salesman having authority similar to that with which the salesman in this case was clothed. The trial court charged the jury: "If Clark (the salesman) made the contract with the defendant for the goods, and the plaintiff agreed to give Clark a commission on said goods, then Clark was his agent to sell said goods." The appellate court, in holding the instruction bad, said: "A commission allowed to one who solicits orders upon sales effected through such orders does not constitute him or prove him to be an agent with authority to make absolute contracts of sale."—*Clough v. Whitcomb,* 105 Mass. 482; *Bensberg v. Harris,* 46 Mo. App. 404; *Finch v. Mansfield,* 97 Mass. 89; *Burbank v. McDuffee,* 65 Me. 135. So in this instance Smathers "did not sell the goods, or even contract to sell them. When the defend-

ant had completed his transaction with Smathers, there had been no binding contract made, or any sale, absolute or conditional. The defendant could have countermanded his order at any time before the goods were shipped, and the plaintiff could have refused to accept the order. Neither party had become bound by anything then done. The order of defendant was a mere proposal, to be accepted or not as the plaintiff might see fit, and he could have withdrawn it before its acceptance. The minds of the parties had not met, and there had been no mutual assent or aggregatio mentium."—Benj. on Sales, §§ 40, 70; *Johnson v. Filkington,* 39. Wis. 62; *McKindly v. Dunham,* 55 Wis. 515, 13 N. W. 485, 42 Am. Rep. 740; *Bensberg v. Harris,* 46 Mo. App. 404; *Deane & Co. v. Everett,* 90 Iowa, 242, 57 N. W. 874; *McCormick Harvesting Co. v. Richardson,* (Iowa) 56 N. W. 682; *Stensgaard v. Smith,* (Minn.) 44 N. W. 669, 19 Am. St. Rep. 205; *Eskridge v. Glover,* 5 Stew. & P. 264, 26 Am. Dec. 344. In the light of the elementary principles and of the adjudged cases, it seems clear that the order or writing in question does not constitute a contract, in the absence of acceptance or of any action under it by the plaintiff. It does not purport to be a contract between the parties. "By it plaintiff was not obligated to do anything on its part. Plaintiff does not undertake, by the terms of the writing, to ship the chairs on the proposed terms. It is no more than a request by the salesman that the plaintiff should ship to defendant the goods named. It may be said to be an order, but it lacks an essential element of a contract—mutual assent. Being only a request or order, which required acceptance by plaintiff to give it the force of a contract, it follows, as has already been stated, that it might be withdrawn or countermanded at any time prior to its being so accepted."

We do not say, however, that the acceptance must be a formal one. It is insisted that, the plaintiff having accepted and filled the previous order given to the plaintiff's salesman and having held the last order from some time in the early part of September until November 12th, the plaintiff must be held to have accepted the or-

der, and that it is estopped from urging non acceptance. Estoppels must be mutual, or they are not effectual. As we have seen, there is no time, from the time such an order is received until it is accepted, that the person giving the order cannot countermand it. It is plain that mere silence on the part of the plaintiff after receiving the order, without any act tending to show an acceptance, would not cut off the right of defendant to countermand. If not, then it cannot, with show of reason, be insisted that silence alone should constitute an acceptance of the order on the part of the plaintiff. Plaintiff said nothing about the order, and did nothing with regard to it, until on the 12th of November, 1903, in reply to a letter of the defendant written on the 10th of that month, plaintiff wrote the defendant as follows: "Referring to your order of 9-2, we find it reads 10 plus 5 off in 60 days, for ten doz. shipments, which we must in justice to ourselves decline, as this would not give us cost of production on this particular number, being our cheapest chair. Number 25 is worth to-day $7.25 per doz., as you will see by the enclosed price list. However, if you wish the chairs, we are willing to accept the order at $6.75 and $9.00 per dozen, subject to 10 per cent. for cash in 10 days, or 60 days net. Please advise your wishes in the matter, and oblige." Having the right to decline acceptance of the order it would seem that it would be a matter of no importance upon what ground the declination was placed, or whether any ground was stated, the letter accentuates the fact that plaintiff had not favorably considered the order, and this letter, written in answer to defendant's, makes positive announcement to the defendant of that fact, and we can get no more than that out of it.

The court properly excluded the evidence of custom that was offered by the defendant. Without conceding that evidence of custom would be competent to supply mutuality, the plaintiff in this instance was domiciled in North Carolina, and it cannot be presumed that it had knowledge of the custom in Mobile, Ala.; and this on the face of the evidence offered was the limit of the territory of the custom. Moreover, the custom offered

to be proved was a custom amongst traveling salesmen, and did not embrace the principal of such salesman.— *Simon & Son v. Johnson,* 101 Ala. 368, 13 South. 491; *German-American Insurance Co. v. Commercial Fire Insurance Co.,* 95 Ala. 469, 11 South. 117, 16 L. R. A. 291; *Deane & Co. v. Everett,* 90 Iowa, 242, 57 N. W. 874. Whether Smathers told defendant or not, at the time he took the order, that he was merely taking a bid from him, and he would have to send it on to the house for acceptance or rejection, was not competent evidence against the plaintiff.

It results from the foregoing considerations that no error prejudicial to the defendant was committed by the trial court, and the judgment will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and SIMPSON, JJ., concur.