## BALTIMORE CITY COURT.

Filed November 17, 1908.

LEETS, CHURCH & CO.

VS.

JOHN TJARKS, TRADING AS HOTEL RALEIGH.

*G. Ridgely Sappington* for plaintiff.
*Karl A. M. Scholtz* for defendant.

SAMS, J.—

The facts in this case are briefly as follows: A travelling salesman of the plaintiffs sold by sample to the defendant a bill of goods to the amount of $34.40, to be delivered sometime after the sale. No definite time for delivery or payment was named and the sale was subject to ratification. The salesman, while in Baltimore, stayed at a hotel kept by the defendant, the buyer.

The defendant, at the salesman's request, advanced to him the sum of $8.35, being the precise amount of the bill due by the salesman for board at the defendant's hotel, and with this $8.35 the salesman paid his hotel bill, which was in evidence, signed by the cashier, of the defendant. The defendant returned to the plaintiffs $22 worth of the goods, claiming that they were not satisfactory, sending at the same time his check for $4.05, and his defence is that with the $22 worth of goods returned, his check for $4.05 and the $8.35 advanced to the salesman he has fully paid all that he owes the plaintiffs.

The plaintiffs accepted the returned goods, the check for $4.05, but claim that the advancement of the $8.35 to the salesman was not in any way authorized nor had the salesman any implied authority to collect any money due them, therefore, $8.35 is still due, and this suit was brought to collect the $8.35. Under these facts does the payment to the salesman bind the principal?

There is an important distinction between agents authorized to make contract of sales by sample to be filled through delivery of the goods by the principal, time being given for the payment, or payment being made on delivery, and an agent or salesman having the property of the principal in his possession for that purpose to sell and presently deliver it to the purchaser. This precise point does not appear to have been decided in Maryland. In the present case the agent—the salesman—did not have the goods, therefore, could not presently deliver them accordingly prima facie his agency is discharged when he makes a contract of sale and takes an order for the delivery of the goods by his principal.

The sole purpose of the salesman's itinerary is to induce parties having need of the goods in which his principal deals, to buy from the house he represents. In doing this, in a sense, the salesman takes the place of an advertisement and mail orders. Having reported an order to his house the salesman passes on to the next place. To hold that an agency simply to make and report sales takes to his employer under such facts as are in this case, includes an agency to collect the contract price would be to assume that the principal held the agent out as empowered to collect, which would be too radical a departure from the principles of the law of agency. It is therefore held that a traveling salesman, making contracts of sale by sample, goods to be delivered by the principal and the purchase money to be paid on delivery, or at any other time, transpiring or upon any other event happening in the future, is, upon these facts, and without more, wholly unauthorized to receive payments, and, of course, therefore, the payments made to him will not dis-

charge the debtor from his liability to the principal.

Simon & Sons vs. Johnson, 101 Ala. 372.

The judgment will, therefore, be affirmed with costs to the plaintiffs.