## HELD *v.* WALKER.

---

PRINCIPAL AND AGENT; PAYMENT; EVIDENCE.

Where, in an action to recover for goods sold and delivered, the defense is payment to an agent of the plaintiff, and the testimony of the plaintiff is that the agent had no authority to collect money, but merely to solicit orders, while the defendant testifies that the agent told him that he was so authorized; and it further appears that the agent conducted a branch office for plaintiff, using letter-heads and bill-heads, furnished by the plaintiff, on which his name appeared as "Agent," one of which letter-heads was used in soliciting the order from the defendant, and that the bill which defendant paid was made up by the plaintiff and placed in the agent's hands for presentation to the defendant, it is error for the trial court to direct a verdict for the defendant, the question being one of fact for the jury, and not of law for the court.

No. 1507. Submitted April 14, 1905. Decided May 2, 1905.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia on a verdict

directed by the court in a case originally brought before a
justice of the peace.                                    *Reversed.*

The COURT in the opinion stated the case as follows:

This cause originated before a justice of the peace, by whom
judgment was rendered in favor of the appellant, Henry Held,
who was the plaintiff before him. Upon appeal by the defend-
ant, John T. Walker, to the supreme court of the District, and
a new trial had therein before the court with a jury, the court
directed a verdict in favor of the defendant, and judgment was
entered thereon, from which the plaintiff has appealed to this
court.

The question in the case is whether the defendant was justi-
fied in making payment to an agent, who, it seems, failed to
turn over the money to his principal. For there is no question
as to the actual payment of the money by the appellee. The
only question is whether he paid it to the right person; and that
is resolved into the inquiry whether a man who was confessedly
an agent for soliciting bids and making contracts was also an
agent for the receipt of money becoming due on those contracts.

The circumstances of the controversy between the parties are
these: The plaintiff was a manufacturer of vault lights in
Brooklyn, New York, doing business under the name of a com-
pany, the "Brooklyn Vault Light Company." He had an office
also in Philadelphia, whose business, however, does not seem to
have been confined to Philadelphia, and in which he placed one
W. E. Taylor, as his agent. To him he furnished stationery,
with printed letter-heads and bill-heads, used by Taylor in all
his transactions in this case, and the printing was in these
words: "Philadelphia Office, 604 Witherspoon Building, W.
E. Taylor, Agent." And there was no restriction or qualifi-
cation of the word "agent." Walker, a resident of Washington,
had a building in this city in course of construction, for which
he desired to procure some vault lights. Under date of August
26, 1902, Taylor, upon paper such as has been mentioned, ad-
dressed a letter to him (Walker), offering to furnish the lights

to him for $150.    The letter was in duplicate.    Under date of September 3, 1902, Walker accepted the proposal, indorsed his acceptance on one of the duplicates, and returned it to Taylor. Taylor sent it to his principal, the plaintiff, in Brooklyn; and the latter, on October, 2, 1902, shipped the material from Brooklyn directly to Walker, in Washington, together with the bill therefor.    There was some freight to be paid, and some slight amount of work to be done by the shipper, but this Walker was authorized to do, and the cost of it to deduct from the amount of the bill.    In regard to these items of deduction there is no controversy between the parties.

On December 3, 1902, Taylor called in person upon Walker, with a bill, dated November 1, 1902, whose heading was in print, purporting to be from the plaintiff's Brooklyn office, but which otherwise was in the plaintiff's handwriting, and request-ed payment of the amount ($150).    Walker requested to have the credits or deductions, amounting to $12.31, entered on the account; and these Taylor entered; and Walker thereupon paid the balance ($137.69) to Taylor, and the latter receipted the bill and returned it thus receipted to Walker.

It appears that Taylor made no report of his collection to his principal; and the latter, under date of January 1, 1903, sent Walker another bill.    Upon this bill Walker wrote: "Paid Dec. 3, 1902, to your agent W. E. Taylor in person," and he returned the bill with the indorsement to the plaintiff.    The re-sult was the institution of the present suit.

The plaintiff and the defendant both testified in the case, the former by deposition taken in New York, and their testimony is the only testimony in the case, exclusive of the documentary evidence which has been indicated.    The plaintiff swore, in sub-stance, that Taylor had no authority to collect money for him, but only to solicit orders.    The defendant testified that, at the time of his first interview with Taylor, when he saw the word "agent" on the letter-head, he asked Taylor about the matter, and Taylor stated that he had authority to collect money for goods sold on account of the Brooklyn Vault Light Company;

but that he had taken no other steps to ascertain whether Taylor had any such authority to receive payment of this account.

*Mr. Andrew Wilson* and *Mr. Noel W. Barksdale* for the appellant.

*Mr. Arthur Peter* for the appellee.

Mr. Justice Morris delivered the opinion of the Court:

If this case had been tried by the court without a jury, as is often done in appeals from justices of the peace, we would have unhesitatingly affirmed the decision. For we think that there was enough testimony to justify a jury, or a court sitting to try an issue of fact without a jury, to find that the plaintiff had held out Taylor as his general agent, authorized to receive and collect money, as well as to solicit orders; and that the defendant paid such agent in good faith. But the question which is before us, and which was before the court below, is not whether the testimony preponderated in favor of the defendant rather than in favor of the plaintiff, or whether there was a sufficiency of testimony on which to found a verdict for the defendant, but whether there was any conflict of testimony, or whether the testimony was so overwhelmingly in favor of the defendant that the court would not allow an adverse verdict to stand. We find that there was conflict of testimony which should have been submitted to the jury.

Perhaps no great importance should be attached under the circumstances, either to the plaintiff's statement that no authority had been given by him to Taylor to collect money, or to the defendant's statement that Taylor had assured him that he was so authorized, although these several statements raise an issue of fact. But the unquestionable facts upon which it is sought to base the claim of authority, the show of agency upon the stationery furnished by the plaintiff to Taylor, the placing of the bill of November 1, 1902, by the plaintiff in Taylor's hands for presentation to the defendant, and the appointment

of Taylor to the conduct of an apparently general office, are all circumstances which should have been submitted to a jury. They are not conclusive evidence of a general agency which would justify the payment of money to the person holding such agency. They are merely circumstances from which a jury might justly infer the existence of an agency of that character. They raise a question of fact for a jury, and not merely a question of law for the court. *Hirshfield* v. *Waldron,* 54 Mich. 649, 20 N. W. 628; *Luckie* v. *Johnston,* 89 Ga. 321, 15 S. E. 459; Story, Agency, § 249. While perhaps the majority of men might have done what Walker did in this case, yet it cannot be said, as a conclusion of law, that prudent men would not have differed in the conclusions to be drawn from the circumstances stated.

We think the case should have been submitted to a jury, and that it was error to withdraw it from their consideration. For this error we are constrained to reverse the judgment, with costs, and to remand the cause to the supreme court of the District, with directions to award a new trial. And it is so ordered.

*Reversed.*