54    649
155    38

DAVID HIRSHFIELD v. LEONARD A. WALDRON.

*Payment to employee.*

Presentation of a bill by a merchant's employee does not warrant the debtor thereon in paying it to him unless it is within the scope of his employment to receive payment; and his mere statement that he is authorized to receive it is not enough, nor is it enough that the bill is in the merchant's handwriting and on one of his bill-heads.

Error to Muskegon. (Russell, J.) June 25.—Sept. 23.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Stephen H. Clink* for appellant.

*Cook, DeLong, Fellows & Fellows* for appellee.

CHAMPLIN, J. Plaintiff was engaged in business as a retail dealer in clothing, in the city of Muskegon. Three doors from him on the same street the defendant was engaged in business as a retail dealer in boots and shoes. The parties had business transactions with each other, which resulted in an action brought by plaintiff against defendant to recover the value of goods sold and delivered. Defendant pleaded set-off. A trial was had which resulted in a judgment for plaintiff, from which defendant appealed to the circuit court. On the trial in that court the defendant admitted the items of plaintiff's claim as established at the sum of $68.75. The defendant introduced evidence to establish his set-off, and the only contention is over an item in defendant's bill of set-off of $20 as cash paid to plaintiff. The evidence showed that in 1881 the plaintiff and Moses Hirshfield were co-partners doing business under the firm name of D. & M. Hirshfield; that the first part of the year 1882 Moses Hirshfield bought out David's interest in the firm assets and conducted the business alone for one year, when he sold out to plaintiff all the assets, including book-accounts and credits. The plaintiff and Moses both testified that while doing business in the firm name of

D. & M. Hirshfield they never authorized any clerk or person in their employ to receive any payment from Mr. Waldron on account, and that they never received the $20 in dispute.

On cross-examination plaintiff testified that a bill of goods produced by defendant, and made out under the bill-head of D. & M. Hirshfield against defendant, was in the hand-writing of Moses Hirshfield. He also testified that Barney Ash was in the employ of D. & M. Hirshfield on the 13th day of December, 1881, but in what capacity or what authority he had was not asked him, and does not appear from his testimony. The defendant testified that on the 13th of December he charged on his blotter; "Hirshfield to cash $20, paid to man;" that the bill in Hirshfield's hand-writing was on that day brought into his store by Barney Ash, a clerk in the employ of D. & M. Hirshfield, who said he was sent there by Mr. Hirshfield to get some money, and that he gave him $20 and entered it on his book, and that the entry was made right along in the ordinary course of his business, and that he also made an entry upon the bill at the same time. He was asked by his counsel:

"And you paid it because you thought this bill came from Hirshfield?"

*Answer.* "Yes; I knew it because the bill was on Mr. Hirshfield's bill-head. I have often sent my man out to collect money."

On cross-examination he testified, as follows:

*Question.* "You say you paid Barney Ash $20 in cash on the 13th of December, do you?"

*Answer.* "Yes, sir."

*Q.* "Did you ever have any authority from either of the Hirshfields to pay Ash any money?"

*A.* "Nothing more than I had that bill when he came in with it."

*Q.* "That is all the authority you had?"

*A.* "I had that for authority."

The foregoing, as appears from this record, is all the evidence offered tending to prove the authority of Barney Ash to collect or receive the $20 in question. The counsel for

plaintiff, at the close of the testimony, moved the court to strike out the item of $20 cash paid to Ash, for the reason that the defendant himself said that he had no authority but what was on the bill, and that constituted no authority. The court refused the motion, and charged the jury that it was necessary for them to find, from all the circumstances surrounding the case, that the party to whom Mr. Waldron paid it was fairly authorized to receive it. If they found that, it was enough.

The only ground upon which this item can be sustained as a set-off is that Ash was an agent of plaintiff, and was authorized to receive the money upon the bill. In the absence of proof of actual authority, the agent's statement as to his authority is not binding upon his principal. The statement made by Ash to defendant, when he presented the bill, was no evidence of authority from Hirshfield to him to collect the money. The fact that the bill was made out in the handwriting of Mr. Hirshfield, and upon the bill-head of the firm, was not evidence of Ash's authority to collect money upon it. *Kornemann v. Monaghan* 24 Mich. 36; *Grover & Baker Sewing-machine Co. v. Polhemus* 34 Mich. 247; *Reynolds v. Continental Ins. Co.* 36 Mich. 131; *McDonough v. Heyman* 38 Mich. 334.

The testimony relative to Ash's connection with plaintiff, or with the firm of D. & M. Hirshfield, was simply to the extent that he was employed by them as clerk. No attempt was made by defendant to prove that he had ever collected money upon bills before or after, or that he had anything to do with the book-keeping or financial part of plaintiff's business. Where the servant's authority to bind his master arises by implication merely, the general rule is that the authority of the servant is co-extensive with his usual employment, and his authority is to be measured by the scope of his employment. The usual employment of a clerk in a retail store is to sell goods to customers or purchasers, and it is implied from such employment that he has authority to receive pay for them on such sale. But there is no implication from such employment that he has authority, after goods are delivered

.and taken from the store, to present bills and collect money due to his employers, because it is not in the scope of the usual employment of such clerks. To have bound the plaintiff in this suit by the acts of the clerk, it was incumbent upon the defendant to prove the usual employment of Ash, and if the act of collecting money upon plaintiff's accounts was within the scope of such employment, his authority would have been implied, and the plaintiff bound thereby. The motion of the plaintiff should have been granted.

The judgment is reversed and a new trial granted.

The other Justices concurred.