# Simon & Son v. Johnson.

*Action of Assumpsit for Goods sold and delivered.*

1. *Agency; travelling salesman has no implied authority to collect money for his principal.*—A travelling salesman, making contracts of sales of merchandise, has no implied authority to collect from the purchaser the money agreed to be paid for the goods sold, and in the absence of express authority to make such collection, the payment to such agent will not discharge the purchaser from his liability for the debt to the principal.

2. *Same; when evidence of payment to agent inadmissible.*—Where in an action to recover the price of goods sold to the defendant by a travelling salesman of the plaintiff, the defendant interposed the defense that he paid the travelling salesman for the goods, which payment was afterwards ratified by the plaintiff, but there is no evidence that said salesman had authority to collect the debt or that there was a ratification by the plaintiff of such unauthorized payment, evidence of payment of the debt to such agent is inadmissible.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the appellants, Joseph Simon & Son, a partnership, against the appellee, J. J. Johnson, for goods, wares and merchandise sold and delivered to the defendant. The complaint contained the common counts. Issue was joined on the plea of the general issue.

The plaintiffs introduced in evidence verified statements of an account for goods sold by them to the defendant. Upon the defendant being introduced as a witness in his own behalf, he testified that he bought the bill of goods contained in the statements introduced in evidence from Joseph Simon & Son, through one J. B. Carlisle, the travelling salesman of the plaintiff firm; that the goods were bought with the privilege of paying for them on the receipt of the invoice for them, in order to obtain a discount; that some time after he received the goods he paid the amount of the bill to J. B. Carlisle, less the discount, and took a receipt therefor with the name of Joseph Simon & Son signed to it by J. B. Carlisle. Plaintiffs objected to the defendant testifying that

[Simon & Son v. Johnson.]

he paid the amount of the bill to J. B. Carlisle, and moved to exclude such testimony from the jury, on the grounds, first, that there was no evidence showing that Carlisle had the authority to sign their name, and second, because the testimony was irrelevant. The court overruled this objection and motion, and the plaintiffs excepted. The defendant then offered in evidence the receipt which was given in the name of Joseph Simon & Son by J. B. Carlisle. To the introduction of this receipt in evidence the plaintiffs objected, on the following grounds: 1st. Said receipt is irrelevant. 2d. It is not shown by the evidence that Carlisle had the authority to collect the money. 3d. It is not shown that Carlisle had the authority to sign the name of Simon & Son to said receipt. The court overruled the plaintiffs' motion, and allowed said receipt to be introduced in evidence. To this ruling the plaintiffs duly excepted.

In the deposition of J. B. Carlisle, which was introduced in evidence by the plaintiffs, the witness testified that he had received the money from the defendant in payment of the goods sold them by Joseph Simon & Son while he was their travelling salesman, but that he had no authority to collect the money, and was not authorized to sign the name of Joseph Simon & Son to the receipt. This witness further testified that upon his admitting to Joseph Simon & Son his having collected the money, they agreed to retain a certain portion of his salary in payment of the amount which he had received from the defendant, and that they did this for two months, after the lapse of which time he was discharged. The plaintiffs introduced in evidence their deposition, in which they denied having given the said Carlisle authority to collect the money for goods sold by him, or to sign their name for any purpose. It was further testified in their deposition that upon being told of Johnson's statements as to his having received the money for the goods sold, Carlisle denied receiving the money. They further testified that they had never been paid anything on the account for goods sold by them to the defendant.

Upon the introduction of all the evidence, the plaintiff requested the court to give the following written charges: (1.) "If the jury believe the evidence, they will find for the plaintiffs." (2.) "The burden of proving that Simon & Son ratified the act or payment of the

money to Carlisle is upon the defendant, and if he, Johnson, failed to satisfy the mind of the jury reasonably, that the act was ratified, then the verdict will be for the plaintiffs.'' (4.) ''If the jury believe from the evidence that Carlisle denied the collection of the account to them, Simon & Son, from Johnson, then the plaintiffs were not fully informed as to the transaction, and their verdict will be for the plaintiffs.'' Plaintiffs separately excepted to the court's refusal to give each of these charges, and also separately excepted to the court giving, at the request of the defendant, the following written charges : (1.) ''If the jury believe from the evidence that Carlisle worked for Simon & Son, and thereby paid them the amount Carlisle collected from Johnson, then Johnson is entitled to your verdict.'' (2.) ''If the jury believe from the evidence that Carlisle worked for Simon & Son two months, and his wages for those two months were to be applied to the payment of the amount he, Carlisle, collected from Johnson, then such wages are to be credited to Johnson.'' (3.) ''That if plaintiffs ratified the transaction of Carlisle in collecting the money from defendant and agreed to take it out of his wages, then they could not afterwards annul that ratification.''

There was judgment for the defendant. Plaintiffs appeal, and assign as error the ruling of the court upon the evidence, and the charges asked.

J. J. MORRIS and GRAHAM & STEINER, for appellant.

M. E. MILLIGAN, *contra*.

McCLELLAN, J.—There was no evidence adduced below tending to show that Carlisle had any express authority to collect the debt involved in this action from Johnson, the defendant. No such authority is implied in the fact that he, plaintiffs' travelling salesman, sold to the defendant the goods constituting the consideration of the debt. The original debt being admitted, the only other defense open to Johnson was that the plaintiff ratified his unauthorized payment to Carlisle, and this defense he set up and attempted to prove. We are of the opinion, however, that this attempt was entirely abortive, and that there is no evidence in the record

tending to sustain it. On this state of case, no evidence of the payment by Johnson to Carlisle should have been received; and the court should have given the affirmative charge requested by the plaintiffs.

If it should be made to appear on another trial that the plaintiffs retained any money for the defendant out of Carlisle's salary, this would be money had and received for Johnson, would belong to him, and he should be allowed to set off the amount of it against the claim of the plaintiffs.

Reversed and remanded.