# Simon & Son v. Johnson.

## *Action on Account.*

1. *Charge of court.*—A request for a charge which is not applicable to any phase of the evidence is properly refused.

2. *Contract to pay another's debt.*—A contract to pay another's debt out of funds to be acquired in a particular manner, or from a particular source is enforceably only when the proof shows the acquisition of the fund in the manner or from the source indicated in the contract.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. J. W. Foster.

The facts are stated in the opinion.

J. J. MORRIS, for appellant.

M. E. MILLIGAN, for appellee.

HEAD, J.—This is the third appeal in this cause. 101 Ala. 368; 105 Ala. 344. The action is by Simon & Co., of New Orleans, for $198.09 for goods sold defendant, Johnson, and for the same sum on account stated. It is not disputed that in the summer of 1890, J. B. Carlisle, a drummer of plaintiffs, sold the goods to defendant at the price sued for, which the plaintiffs duly shipped to, and were received by defendant. The bill was to mature February 1st, 1891, and before it was due, defendant paid the amount thereof to Carlisle, less a discount allowed by Carlisle. As settled by our former decisions, *supra* and as admitted on the present trial, Carlisle had no authority to make the collection. He was examined as a witness by the defendant, and testified that in December, 1890, he was in New Orleans where plaintiffs live, and made arrangements with them to work out the amount he had collected from defendant, and plaintiffs were to let the amount stand until he worked it out, upon condition that he was to abstain from drinking and playing cards, but that he did not quit drinking or playing cards and plaintiffs discharged him. After he was discharged he continued to send in orders to the plaintiffs and they filled them for about two months, although he was discharged, and he drew on them for part of his salary but they would not pay the draft.

Two of the plaintiffs testified, in their own behalf, that they had J. B. Carlisle employed as a travelling salesman for them during the year 1890, selling by samples only; that Carlisle visited Geneva, Ala., in June, 1890, and sold the bill of goods to defendant; that sometime in October, 1890, defendant wrote plaintiffs that he had paid Carlisle for the goods and had his receipt in full for the amount, that plaintiffs replied, at once, that Carlisle had no authority to collect and that they would not recognize the settlement. That sometime in December, Carlisle was in New Orleans, and they showed him defendants letter regarding the collection of the amount, when he denied having collected it, and said that defendant was mistaken; that he owed defendant $75, in-

dividually, and wanted to arrange with them to settle this amount with defendant. The plaintiffs agreed to pay $50 per month, to defendant if Carlisle would conduct himself properly, but when they found out how he was conducting himself, they discharged him, and refused to pay a $50 check Carlisle drew on them for defendant. That, in January, 1891, they wrote to defendant, in Geneva, and sent him a statement of his account, when defendant replied that Carlisle was now in Geneva, and that he, Carlisle, said he would pay the amount by the time it was due, February 1st, 1891. Replying to this, plaintiffs then wrote defendant what Carlisle had said, at New Orleans, regarding the collection of this amount, and that Carlisle denied collecting it, but said he owed defendant $75, individually, and this was the amount that they were trying to help defendant save out of Carlisle's wages; that they had never authorized Carlisle to collect the amount, and that the same was now due and that no part of it had ever been paid to any one authorized by them to receive it, and that said amount must be paid by defendant by Feb'y. 1st, 1891, or they would sue for it. This is substantially all the evidence material to the main inquiry. Wherein it is in conflict, is not material to the issue. It results that the payment to Carlisle was neither authorized nor ratified. The plea is payment. It is not pretended that Carlisle, in any manner, paid plaintiffs, for defendant, the whole of the account, hence plaintiffs were entitled to recover some amount, on defendant's own showing. The general charge requested by the plaintiffs, that if the jury believe the evidence they must find for the plaintiffs, ought to have been given, but, it seems, its refusal was error without injury, since the verdict and judgments were for the plaintiffs, though for a reduced sum.

The defendant requested the following charge, which the court gave: "If Carlisle worked for plaintiffs for two months with the understanding that the value of his labor should be credited on the demand against Johnson, defendant would be entitled to credit for the amount due for such services." The charge was improperly given. It ought to have been refused. There is no evidence that Carlisle worked a month, or any other period of time, under the conditional arrangement entered into between him and plaintiffs. Under the arrangement, the hiring

was by the month, conditioned upon Carlisle's abstaining from drink and card playing. He failed to perform the condition, but it is not shown when. It is not shown, even, that he entered upon the service, at all, before he broke the condition, and was discharged from the contract. So there could be no allowance for any salary earned, under the arrangement. The discharge for breach of the condition annulled the arrangement. It appears that after he was discharged, he continued, for two months, to send in orders, which the plaintiffs filled, and it is, evidently, the value of this service the defendant sought to get the benefit of by the charge in question; and it appears that, under its influence, the jury allowed a credit of more than $100. In the first place, there is no evidence, if it were material, that Carlisle, during the two months, in question, performed the duties of travelling salesman, as under his original contract, whereby it might be implied that he was to be paid $50 per month, for a similar service continued after his discharge. The evidence is that he continued to send in orders, which is far from saying that he performed the duties of travelling salesman. The orders sent in may have been few or many. Carlisle may or may not have travelled and solicited orders, in the manner his duty required, under his original contract. We are wholly without evidence on these questions. In the second place, the charge seeks the allowance to defendant of the *value* of these services, and there is no evidence whatever of their value; and, in the last place, whatever Carlisle earned by reason of sending in orders for two months, was not earned under, and in reference to, the agreement which was entered into to the effect that defendant should have the benefit of his salary, in payment of the amount owing by defendant to plaintiffs. That agreement was annulled by Carlisle's breach of the condition on which it rested, and his consequent discharge; hence, the value of the services, afterwards performed, enured to Carlisle, in his own right, in which defendant had no right in law or equity. Plaintiffs had no right to apply the value of such services to the payment of the amount defendant owed them. They did not hold it to the use of the defendant, by which the defendant might set it off against plaintiff's demand, if he had, by plea, made an effort to do so. It follows, that plaintiffs ought.

to have had a verdict for the full amount of their demand, with interest.

Reversed and remanded.