# Lyles-Black Co. *v.* Alldredge.

## *Assumpsit.*

(Decided June 16, 1914.   65 South. 696.)

1. *Principal and Agent; Authority; Traveling Salesman.*—A traveling salesman whose business it is to sell by sample and take orders for future deliveries and payment, is without implied authority to collect sums due his principal.

2. *Same; Ratification.*—The fact that the plaintiff allowed a traveling salesman to collect bills on one or two occasions did not authorize the salesman to collect bills generally, nor constitute a ratification of the acts of the salesmen.

3. *Same; Local Custom.*—Where a buyer pays a bill due the seller to a traveling salesman of the seller who had no authority to make the collection, he cannot justify the payment on the ground of the local custom of making such payments to traveling salesmen where it is not shown that he was familiar with the custom.

APPEAL from Blount Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by the Lyles-Black Company against L. C. Alldredge. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

There was no dispute as to any items of the counts or credits except the last payment of $250, which defendant claimed to have paid to the salesman of plaintiff; defendant contending that it was paid to Mays, the salesman, and no receipt taken. The other items seem to have been settled by checks or by notes and paid through the bank. The other facts sufficiently appear from the opinion.

[Lyles-Black Co. v. Alldredge.]

GEO. W. DARDEN, for appellant. The payment to Mayes was not competent in the absence of authority on Mayes part to make a collection, it appearing that Mayes was a traveling salesman taking orders by sample for future delivery and payment.—*Simon & Son v. Johnson*, 101 Ala. 368; s. c., 105 Ala. 344 and 108 Ala. 242. The court therefore erred in permitting it to be shown that the amount for which plaintiff sued had been paid to Mayes, the traveling salesman. Plaintiff was not shown to have ratified the act of his salesman. —Authorities supra.

JOHN A. LUSK & SON, for appellee. Evidence tended to show the authority of the agent and hence the court properly admitted the fact of the payment to Mayes.—*S. & N. R. R. Co. v. Henline*, 52 Ala. 610; *Syndicate Ins. Co. v. Catchings*, 104 Ala. 176; *B'ham M. Ry. Co. v. T. C. I. & Ry. Co.*, 127 Ala. 144. The evidence also showed authority in the salesman to collect on several occasions and an acceptance by the plaintiff of the money so collected.

PELHAM, J.—It is settled in this state that a traveling salesman of merchandise making sales, or taking orders, by sample for future delivery and payment has no implied authority to collect from the purchaser the money agreed to be paid by him.—*Simon & Son v. Johnson*, 101 Ala. 368, 13 South. 491. In this case, not only was there no implied authority for the salesman to collect, but there was direct, undisputed evidence to the effect that the traveling salesman, Mays, was without authority to collect from purchasers to whom he sold goods or from whom he took orders for his principal, the appellant, who brought this suit in the court below against the appellee for merchandise sold to him

through the agency of its (appellant's) traveling salesman, Mays.

The settled rule of law we have above referred to seems to have been recognized by the court below, but it allowed the defendant to testify to a payment as made by him, the purchaser, to the salesman, Mays, for his principal on the theory (as would appear from the court's rulings and the oral charge set out in the transcript) that it became binding on the principal either because the unauthorized act of the agent was subsequently ratified and sanctioned by the principal, or because a general and known custom or usage in the course of business dealings between the parties gave validity to the act of the agent in receiving the money for his principal.

The evidence set out in the bill of exceptions is wholly wanting in showing a ratification by the principal of an unauthorized act by its salesman, Mays, in receiving the payment. The evidence is also entirely unsatisfactory to establish a general and known custom or usage that would authorize the purchaser to make payment to the salesman that would bind the principal or estop it from denying the authority of Mays to make the collection testified to by the defendant.

The defendant is shown to have had continuous business dealings with the plaintiff for more than two years prior to the time he claims to have made this payment, buying goods from it through its salesman, Mays, which were shipped from the plaintiff's wholesale house in Nashville, Tenn., to the defendant's place of business in Alabama. During the entire course of these dealings throughout all this time, the defendant had never on any other occasion paid any part of the purchase money for the goods bought by him, to Mays, but, on the contrary, had always sent the numerous

[Lyles-Black Co. v. Alldredge.]

payments made by him direct to the company at its place of business in Nashville, Tenn. It is not shown that the defendant, at the time of making the payment in question, had ever known or heard of the salesman, Mays, collecting money for his principal from any other person. The defendant is shown to have dealt with Mays altogether as a salesman, traveling for the plaintiff, taking orders, and making sales for it, and is not shown to have known of the plaintiff's authorizing or ratifying collections by Mays in a single instance prior to the time he claims to have made the payment to him. No usage or custom in the business dealing between the parties is shown that would warrant the belief on the part of the defendant that Mays had authority to collect for the plaintiff, and no similar transactions sufficient to establish a general usage or custom of trade known to the defendant, or generally existing, was shown that could have the effect of estopping the plaintiff from denying the authority of Mays to make the collection, or legally justify the defendant in making the payment to Mays for the plaintiff. And this would be true notwithstanding the fact, as testified by Mays, that the plaintiff had occasionally told him to make certain specified collections, and that he had on a few occasions made collections for the plaintiff that were accepted by it. These transactions are shown to have taken place merely according to incidental exigency, and not regularly or systematically. The evidence was without conflict that the plaintiff had not authorized Mays to collect from the defendant, and, even if he did make collections in a few instances, this was unknown to the defendant and could not have been relied upon by him, and was insufficient to show a general usage or custom of trade.

The defendant could not have relied upon a local usage of which he did not know; its existence must have been known to him at the time he made the payment, to afford any protection to him.—*Higgins v. Moore,* 34 N. Y. 417, 425.

During the period of the two years or more prior to the time of the payment testified to as having been made by the defendant to Mays, while the defendant's dealings with Mays are shown to have been confined to transactions in which Mays was dealt with solely in his capacity as the plaintiff's traveling salesman, it does not appear, from the evidence offered, to show a usage or custom existing in the community in which the defendant transacted business during that time that might be relied upon as impliedly authorizing the plaintiff's salesman, Mays, to collect for it; that he made any other collection than on the one isolated occasion when a payment was made to him by one E. G. Alldredge, and even that instance is not shown to have been known to the defendant at the time the payment was made by him to Mays.

It is our conclusion that the uncontradicted evidence shows that the salesman, Mays, had no express or implied authority to collect the money testified to by the defendant as having been paid to him for the goods purchased. There is no evidence showing such authority resulting from a known general usage of trade, or from the particular dealings between the parties.

Numerous rulings of the court on the evidence, and in refusing written instructions, as well as parts of the oral charge of the court to which exceptions were reserved and are made the basis of the assignments of error, are not consistent with our holding as above announced, and a reversal of the judgment must necessarily result. Other matters presented do not seem to

[Bynum v. Stroup.]

us to show reversible error, nor do we deem that a discussion of such matters would prove beneficial or of assistance to the court below upon another trial of the case.

Reversed and remanded.