# Edwards, *et al. v.* Kilgore.

## *Bill to Enforce Vendor's Lien.*

(Decided June 3, 1915.  68 South. 888.)

1. *Vendor and Purchaser; Lien; Enforcement; Cross Bill.*—In the absence of fraud or mistake in the execution of a deed reserving the mineral interests, the contract of sale not reserving them, or in the absence of evidence of the insolvency of the grantor, equity cannot allow the grantee a set-off because of such reservation of interest, the bill being by the grantor to enforce his vendor's lien for the balance of the purchase price.

2. *Brokers; Implied Authority; Payment.*—A real estate agent employed by an owner to procure an exchange of his real estate for the

real estate of another, and a cash payment for the difference, has no implied authority to collect the cash payment, and a payment to him is not binding on the owner.

3. *Custom and Usage; Authority of Agent; Knowledge.*—A custom among real estate men in a certain city is not binding on a non-resident principal in the absence of knowledge, or proof of knowledge by him of such custom.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Bill by J. R. Kilgore against Nellie W. Edwards and another, to enforce a vendor's lien, with cross bill by respondent to abate purchase price. From a decree for complainants, respondents appeal. Affirmed.

W. T. EDWARDS, for appellants.

BANKHEAD & BANKHEAD, for appellees.

THOMAS, J.—The appellee, J. R. Kilgore, sold to appellant W. T. Edwards certain lands in Walker county, Ala., taking in payment therefor a lot in the city of Birmingham, and in addition thereto was to receive the sum of $250. The respective conveyances were executed and delivered by the parties, but it is alleged that the $250 was never paid by appellant to appellee, and the prayer of the bill was for the enforcement of the vendor's lien. Appellant by answer and cross-bill sets up the contract of sale, by the terms of which the minerals in appellee's land were not excepted, but avers that in the conveyance appellee reserved the coal and other mineral rights in the lands conveyed, and prays a set-off for this reservation.

(1) No charge of fraud or mistake is averred in the execution and delivery of the deed, nor is it averred that appellee was insolvent. In *Yarbrough et al. v. Thornton*, 147 Ala. 221, 42 South. 402, it was declared that where lands have been sold and conveyed with ex-

press covenants of warranty as to title, equity is without power to grant relief on account of defects in title, unless the vendor is insolvent.—*Lett v. Brown,* 56 Ala. 550; *Strong v. Waddell,* 56 Ala. 471; *Hughes v. Hatchett,* 55 Ala. 539; *Cullum v. Branch Bk.,* 4 Ala. 21, 37 Am. Dec. 725. There was no error of the trial court in ruling on the demurrer.

(2) The testimony shows that the balance of the purchase money, $250, was paid by W. T. Edwards, one of the appellants, to J. W. Jeter, a real estate agent. The answer to the cross-bill denies the right of Jeter to receive the purchase money, and also denies that there was acquiescence in such payment, but avers that appellee demanded payment, of appellant, of the balance due the former on said purchase. The weight of authority supports the proposition that an agent without authority is not authorized to collect money for his principal; there is no implied authority to collect the price agreed to be paid by the purchaser.—*Simon v. Johnson,* 101 Ala. 368, 13 South. 491; *Simon v. Johnson,* 105 Ala. 344, 16 South. 884, 52 Am. St. Rep. 125; *Gould v. Oates Chair Co.,* 147 Ala 629, 41 South. 675.

(3) The merits of the controversy, as shown by the evidence, may be concisely stated as an exchange of real estate, with a balance in cash of $250 to be paid to appellee by appellant. The deed to the Walker county lands was made to Nellie W. Edwards by direction of W. T. Edwards, the other appellant, and it is not denied that Edwards paid to J. W. Jeter the $250. The question, therefore, is whether Jeter was the authorized agent of Kilgore to receive this balance of the purchase money. If he was so expressly authorized to receive it, then Edwards had discharged his obligation, and there was no balance of purchase money due. If he was not such authorized agent of Kilgore, there was

no satisfaction of this obligation, and the payment by Edwards to Jeter of $250 did not bind appellee; and the vendor's lien for such sum may be enforced by a sale of the lands. The custom prevailing among real estate men in Birmingham did not, in the absence of knowledge thereof, bind Kilgore, the nonresident principal, to the exchange.—*Gould v. Cates Chair Co., supra.* No former transaction of a similar nature is shown, with Kilgore, to become the basis of notice, or of implied authority to Jeter, so that the facts of the particular transaction must be looked to for this express authority in Jeter. The respondent, in the court below, did not discharge the burden of showing that this balance of purchase money, due by him to Kilgore, had been paid to an agent authorized to receive it, and to discharge the vendor's lien therefor.

No error appearing, the decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.