# Dothan Grocery Co. *v.* White Bros.

### Assumpsit.

#### (Decided October 19, 1915.   69 South. 992.)

1. **Principal and Agent; Authority; Traveling Salesman.**—As a general rule traveling salesmen have no authority to receive payment for goods sold on time, binding on the principal.

2. **Sales; Action for Price; Evidence.**—Where the books of defendant were in such a condition that the jury might infer that the accounts showing payment had been falsified, the admission of the fact in evidence that defendant had not taken a business course, was prejudicial error.

3. **Same; Materiality.**—Where the action was for goods sold and the defense was payment, evidence as to the retail price of certain articles in the account was immaterial.


APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Assumpsit by the Dothan Grocery Company against White Brothers. Judgment for defendant and plaintiff appeals. Reversed and remanded.

ESPY & FARMER, for appellant.   LEE & GLOVER, for appellee.

BROWN, J.—Action by appellant on account for goods sold to appellees. The only defense interposed was payment and set-off, the contention of the appellees being that they had over-paid the account, and therefore appellant was indebted to them for the excess, which they sought to recover under their plea of set-off. The trial resulted in a verdict and judgment for appellees on the cross-demand.

(1) The gist of the controversy was with reference to three cash payments alleged to have been made to one Hollis, a traveling salesman of the appellant. The general rule is that traveling salesmen, not having possession of the goods, but selling for future delivery, to be paid for at a future time, have no authority to receive payments binding the principal therefor.—*Simon v. Johnson,* 101 Ala. 368, 13 South. 491; 31 Cyc. 1358, C. But in this case the authority of Hollis to receive payments seems not to have been questioned. The disputed payments were for $50 each, and were made, respectively, September 18, 1911, September 13, 1911, and September 4, 1911; the plaintiff's salesman testifying that no cash payments were made to him, and that the receipts were given for checks delivered to him by the defendants payable to his principal. On the other hand, J. M. White, one of the defendants, testified that these payments were made, and at least on one occasion at the same time he made payment by check for identically the same amount.

(2) On the cross-examination of this witness in connection with the entries in the books kept by him for the defendants, it developed that the index indicated that the account of the Dothan Grocery Company would appear on pages 29, 57, and 58, but that these figures appeared in this order, 57, 58, and 29, and it was further shown that page 29 had been torn out of the book and was not produced on the trial, and furthermore that the disputed payments were entered on the book above the marginal line over all other entries, and in the order above stated; that these entries were not made at the time of the alleged payment, but a month or so subsquent thereto, thus affording room for an inference to be drawn by the jury that the account had been falsified on the defendants' books.

At this stage of the evidence, on redirect examination the court over a seasonable and appropriate objection allowed the defendants to ask the witness, "Mr. White, did you ever take a business course?" and the witness to answer, "No, sir," and

[Parker-Blake Co., Ltd. v. Ladd.]

overruled the plaintiff's motion to exclude the answer. Both of these rulings were erroneous. This evidence was wholly immaterial to the issues, and could shed no light thereon. It is not at all essential that one should take a business course to enable him to keep books correctly, or state facts truly with reference to a given transaction. The question was one of veracity between this witness and Hollis, and this testimony had a tendency to enlist the sympathy of the jury for defendants to the prejudice of the plaintiff, and afford a basis for conjecture as to which of these witnesses was testifying truthfully.—*Orr v. Stewart,* 13 Ala. App. 542, 69 South. 649.

(3) The only other matter presented is the materiality of evidence as to the retail price of certain articles alleged to have constituted an item of the account sued on sold to the defendants at wholesale. This evidence is clearly immaterial.

For the error pointed out, let the judgment be reversed.

Reversed and remanded.