# Doran & Co. *v.* Gilreath.

## Assumpsit.

(Decided May 11, 1916. 72 South. 94.)

1. **Damages; Breach of Contract; Measure.**—Where plaintiff was prevented from performing his contract to transport certain lumber because of defendant's breach of collateral agreements, plaintiff may recover the difference between the agreed price and the reasonable cost of the performance.

2. **Shipping; Contract; Duty.**—Where plaintiff was to transport lumber by barge, and was to leave the barge with defendant to be loaded, it was

[Doran & Co. v. Gilreath.]

plaintiff's duty by implication to furnish a barge which could be kept afloat by ordinary care to be exercised by the defendant.

3. Same; Loss of Barge; Damages.—Where plaintiff furnished defendant a barge to transport lumber and defendant, through breach of agreement, permitted the barge to sink, plaintiff may recover not only the difference between the value of the barge before and after its sinking, but also his loss on his contract of affreightment.

4. Principal and Agent; Agency; Estoppel.—Where one has reasonably and in good faith been led to believe from the appearance of an authority which a principal permitted his agent to exercise that a certain agency exists, and in good faith acts on such belief, the principal is estopped from denying such agency.

5. Same; Evidence.—The evidence examined and held insufficient to warrant the inference of an agency, on whose purported acts plaintiff relied, and whose authority it was claimed, defendant was estopped from denying.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by H. F. Gilreath against Doran & Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals.

JOHN B. TALLEY, for appellant. BOULDIN & WIMBERLY, for appellee.

SAYRE, J.— (1) Plaintiff (appellee) could not recover the agreed price for transporting defendants' lumber from Island Creek to Bridgeport, via the Tennessee river, for, confessedly, he did not perform his part of the contract. If he was prevented by defendants' breach of certain alleged collateral engagements, express or implied, he could recover as for a breach of the main contract, so to speak, of the contract of affreightment as a matter apart from its incidental features, only the difference between the agreed price and the reasonable cost of performance.

(2, 3) Plaintiff left the barge with defendants to be loaded. It was his duty, necessarily implied, to furnish a barge that could be kept afloat by the ordinary care which, by like implication, the defendants were bound to give it. But it was battered and leaky, as defendants knew, and there may have been an understanding that defendants were to handle it in a particular way. While in the keeping of defendants, the barge sank because too much water leaked through its sides or bottom. Assuming then, that Duffey was defendants' general manager, as unquestionably

he was, and considering the issues raised by the conflicting tendencies of the evidence, and the several items of damage claimed by plaintiff, the case may be stated as follows: If defendants contributed to the sinking of the barge, and it would not have happened otherwise, by breaching their implied duty to exercise reasonable care in putting the lumber aboard by failing to perform their alleged promise not to keep the barge in the clear water of the creek beyond a stipulated time, or by failing to perform an agreement to employ a sufficient number of hands to keep the barge afloat by bailing out the water, this last-mentioned agreement alleged to have been made by Parden after the danger of its sinking became apparent and pressing, and as an alternative to its immediate removal by plaintiff, then, in either of these events, plaintiff was entitled to recover the difference, broadly speaking, between the value of the barge on the surface and its value at the bottom of the creek, plus the profit he .would have made by transporting the lumber according to contract. Whether plaintiff was entitled to recover the value of his labor in pumping the water out of the barge before it sank depended, as matter of law, upon whether Duffey should be held to have intended to request it in order to repair the consequences of wrong on his part or merely to have suggested it for the mutual benefit ·and convenience of the parties; this in turn depending as a matter of fact upon whether the barge leaked ominously because not properly handled or by sole reason of its own deficiencies. Whether defendants were liable for the value of plaintiff's labor in the effort to raise the barge after it sank depended upon like findings, and this, in addition, that Parden had apparent authority to act for defendants in the premises. So, too, defendants' responsibility for keeping the barge in clear water overtime, if that caused it to sink, depended upon Parden's apparent authority to act for defendants in that matter.

(4, 5) That Parden had no real authority is not disputed. Plaintiff sought to impute an agency to him by estoppel. "The rule as to apparent authority rests essentially on the doctrine of estoppel. The rule is that, where one has reasonably and in good faith been led to believe from the appearance of authority which a principal permits his agent to have, and because of such belief has in good faith dealt with the agent, the principal will not be allowed to deny the agency, to the prejudice of the one so dealing."—*Columbia Mill Co. v. National Bank of Commerce,* 52

[Doran & Co. v. Gilreath.]

Minn. 224, 53 N. W. 1061, quoted in 31 Cyc. 1219, note. This is substantially the rule stated in *Patterson v. Neal*, 135 Ala. 477, 33 South. 39. It is frequently a matter of difficulty to determine upon general principle whether an agency should be implied from appearances, and in such cases the question should be left with the jury under proper instructions. But the following rules are laid down as proper to be observed: "It [agency] will not be inferred from the fact that third persons thought the agency existed, nor because the alleged agent assumed to act as such, nor because the conditions and circumstances were such as to make such an agency seem natural and probable, and to the advantage of the supposed principal. Finally, an implied agency must be based upon facts, and facts for which the principal is responsible, and upon a natural and reasonable, and not a strained, construction of those facts. And if, in view of the facts, an implied agency is apparent, its extent is limited to acts of a like kind with those from which it is implied, and is to be restricted to the purpose for which the facts show it was granted."—31 Cyc. 1218.

The doctrine of agency by estoppel, for peculiar reasons referred to in *Syndicate Insurance Co. v. Catchings*, 104 Ala. 176, 16 South. 46, and that line of cases, cited by appellee, has been applied most liberally in favor of policy holders in cases where they dealt with insurance companies. Still, it has been uniformly held that the party who would avail himself of the benefit of the doctrine must have dealt in good faith and without negligence with an agent acting within the usual scope of the business intrusted to agents of the kind.—*Ray v. Fidelity-Phoenix Fire Ins. Co.*, 187 Ala. 91, 65 South. 536.

In the record before us we find no sufficient reason upon which it might have been found that plaintiff was justified in entertaining the belief that Parden had authority on behalf of defendants to make the agreements on account of which plaintiff sought to charge defendants for Parden's failure to get hands enough to bail out the barge or the value of his own efforts to raise it after it had sunk. On the contrary, the circumstances pointed away from, rather than to, the inference that Parden had authority in respect to those matters. Duffey was defendants' general manager, as plaintiff knew, and he had made the contract with plaintiff and was actively engaged in superintending its execution. Parden was employed by Duffey, and in Duffey's temporary absence from the places where Parden was at

[Doran & Co. v. Gilreath.]

work, the latter may have managed in a way; but he was not shown to have exercised anything like a general direction of defendants' business. It did not appear that he had ever made any contracts for defendants. In the transaction in question he was told to take other employees and load the barge. It may be that "he was supposed to take care of it;" but from no circumstance in evidence did plaintiff have reason to believe that he had authority to change the conditions of the contract that plaintiff had negotiated with Duffey, certainly not so while Duffey was aware of the emergency that had arisen and, though not on the spot at the moment, was giving it his personal attention. Nor did any reasonable interpretation of the evidence in any aspect warrant the notion that Parden had authority to make a contract with plaintiff to raise the barge at defendants' expense, and bind defendants by the implications of such contract. The situation then and Parden's method of dealing with it, if he agreed as alleged, must have appeared to plaintiff to be very unusual. These acts do not appear to have been within the apparent scope of the business generally intrusted to employees such as he was. There was no indication that Parden had authority to make any contracts whatever except that, according to plaintiff's contention, he did assume to make for defendants the agreement in question, the one in the teeth of the contract plaintiff claimed to have made with Duffey, the other a contract to meet what must have been an extraordinary situation. On the evidence, Parden had no such authority as plaintiff attributed to him, and the question should have been taken away from the jury on defendants' request in writing.

The charges given for plaintiff involved misleading tendencies, to say no more, because they ignored, or failed sufficiently to state, some of the issues on which, under the evidence, defendants' liability depended. There was error in refusing some of defendants' charges, since some of them correctly stated in effect that Parden was not the agent of defendants for the special purposes to which we have referred.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.