(85 South. 482)

## JACKSON v. JACKSON et al. (4 Div. 855.)

(Supreme Court of Alabama. Feb. 12, 1920. Rehearing Denied May 20, 1920.)

**Appeal and error ⬄1009(4)—Conclusion in equity not disturbed unless contrary to great weight of evidence.**

In equity action where witnesses were examined ore tenus, the court's conclusion has the same force as a verdict of the jury and will not be disturbed unless contrary to the great weight of evidence.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Bill by M. L. Jackson against J. P. Jackson and others to declare a deed a mortgage and to redeem. From a decree denying the relief prayed, complainant appeals. Affirmed.

A. R. Powell and J. M. Prestwood, both of Andalusia, for appellant.

Under the facts in this case, equity will treat the deed as a mortgage. 72 Ala. 361. While property is usually worth what it brings, there was manifest a great disparity between the value of the land and what Spear loaned upon it. 111 Ala. 621, 20 South. 614; 157 Ala. 206, 47 South. 289; 200 Ala. 27, 75 South. 339. The admission of Spear of an agreement to repurchase, bringing the case within the broader rule as to the measure of proof required. 111 Ala. 621, 20 South. 614. Under the facts in this case, the courts lean to redemption and treating the transaction as a mortgage. 137 Ala. 329, 34 South. 239; 143 Ala. 665, 42 South. 94; 80 Ala. 61; 81 Ala. 574, 1 South. 898.

Powell, Albritton & Albritton, of Andalusia, for appellees.

Complainant failed to make out his case. 80 Ala. 61; 125 Ala. 140, 28 South. 71, 82 Am. St. Rep. 225; 137 Ala. 329, 34 South. 239.

ANDERSON, C. J. The complainant's bill seeks to have a deed by him to one of these respondents, T. J. Spear, absolute upon its face, declared a mortgage and to redeem, and he testified in support of this contention. The respondent Spear claims, and so testified in effect, that the deed was never intended as a mortgage, but was a straight out sale of the land, though he did agree to resell the same to the complainant, if he saw fit to repurchase by the 25th of the following December, and which he did not do. According to the respondent's theory of the transaction, the deed in question was never intended by both parties as a mortgage, and there was evidence in support of this theory, notwithstanding the complainant's proof was to the effect that the deed was intended as a mortgage. The witnesses were examined ore tenus and were heard and seen by the trial court, and, as its conclusion was like unto the verdict of a jury, we are not prepared to say that the same was contrary to the great weight of the evidence. Fitzpatrick v. Stringer, 200 Ala. 574, 76 South. 932. The decree of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.