(96 South. 341)

### HALLE v. BROOKS.  (6 Div. 857.)

(Supreme Court of Alabama.  April 26, 1923.
Rehearing Denied May 17, 1923.)

**1. Appeal and error ⊃719(1)—Questions not embraced in assignments not considered.**

Under Supreme Court rules 1–3 (Code 1907, pp. 1506, 1507), no question is reserved for decision which is not embraced in a due assignment of error.

**2. Appeal and error ⊃1012(1)—Finding by trial judge in case tried without jury has effect of verdict.**

When a civil case is tried by the court without jury, the finding of fact by the trial judge given ore tenus has the effect of a verdict of a jury and will not be set aside unless contrary to the great weight of the evidence, that is, plainly erroneous or manifestly wrong, in view of Code 1907, § 5359 (Gen. Acts 1915, p. 824).

**3. Principal and agent ⊃116(1)—Powers of agent are prima facie coextensive with business intrusted to him.**

The powers of an agent engaged in the conduct of his master's business are prima facie coextensive with the business intrusted to his care and cannot be narrowed by secret instructions or limitations not known to a person who in good faith deals with him as acting for the principal.

**4. Principal and agent ⊃137(1)—Principal is estopped to deny apparent authority to prejudice of person acting thereon.**

When one has reasonably and in good faith been led to believe from the appearance of authority which a principal permitted his agent to exercise that a certain agency exists, and in good faith acts on such belief to his prejudice, the principal is estopped from denying such agency.

**5. Principal and agent ⊃105(4)—Agent authorized to sell goods not in his possession has no implied authority to receive payment.**

As a general rule an agent not having possession of goods which he is authorized to sell has no implied authority to receive payment therefor, but that rule is subject to limitations in case of agent or broker having possession of the goods he has for sale, in case the principal holds out the agent as having authority to receive payment, or has acquiesced in the acceptance by the agent of payment in past transactions with the purchaser, or in case the authority is implied from the custom or usage in the particular trade known to the purchaser from the agent.

**6. Principal and agent ⊃105(4)—Clerk in store has implied authority to receive payment over the counter for goods previously sold by him.**

A clerk in a store who had sold goods to a customer has implied authority subsequently to receive payment over the counter in his master's place of business of the bill for the goods previously sold.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action by Phil A. Halle against W. H. Brooks.  From a judgment for defendant, plaintiff appeals.  Transferred from Court of Appeals under Acts 1911, p. 449, § 6.  Affirmed.

Thompson & Thompson, of Birmingham, for appellant.

Where validity of payment depends upon the authority of the person receiving same the burden of proving the authority rests upon the party setting up the payment.  McFarland v. Dawson, 125 Ala. 428, 29 South. 327; Shulman v. Brantley, 50 Ala. 81; Lehman v. McQueen, 65 Ala. 570; Levystein v. Whitman, 59 Ala. 345; McRae's Adm'r v. McDonald, 57 Ala. 423; Simon v. Johnson, 105 Ala. 344, 16 South. 884, 53 Am. St. Rep. 125.

Tillman, Bradley & Baldwin, J. D. Rucker, and J. D. Higgins, all of Birmingham, for appellee.

The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question of fact for the jury.  Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 South. 46; Wooten v. Fed. Disc. Co., 7 Ala. App. 351, 62 South. 263; Talladega Ins. Co. v. Peacock, 67 Ala. 253; Horton v. Early, 39 Okl. 99, 134 Pac. 436, 47 L. R. A. (N. S.) 314, Ann. Cas. 1915D, 825; 2 C. J. 577; 21 R. C. L. 856.  Payments made over the counter of principal's store, to a clerk accustomed to receive money there for his employer, are payments to the principal.  Law v. Stokes, 32 N. J. Law, 249, 90 Am. Dec. 655; 2 C. J. 606; 22 A. & E. Ency. Law (2d Ed.) 520.

THOMAS, J.  The complaint contained four counts, namely, account, account stated, for goods and merchandise sold, and for work and labor done.  Defendant pleaded the general issue and payment.  The case was tried by the court without a jury, and judgment was for defendant.

[1] No question is reserved for decision not embraced in a due assignment of error.  Sup. Ct. Rules 1–3 (Code 1907, pp. 1506, 1507).  There is no question as to the introduction of evidence presented under the general terms of the assignment of errors.  Cobb v. Malone, 92 Ala. 630, 633, 9 South. 738.

[2] When a civil case is tried by the court without a jury, the conclusion of the trial judge upon the finding of fact from the evidence given ore tenus has the effect of a verdict of a jury, and will not be set aside, unless that judgment is contrary to the great weight of the evidence—that is, plainly erroneous or manifestly wrong.  Code 1907, § 5359 (Gen. Acts 1915, p. 824); Pinckard v. Cassells, 195 Ala. 353, 70 South. 153; Fitzpatrick v. Stringer, 200 Ala. 574, 76 South. 932; Thompson v. Collier, 170 Ala. 469, 54 South. 493; Hackett v. Cash, 196 Ala. 403,

⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

72 South. 52; Woodrow v. Hawving, 105 Ala. 240, 16 South. 720; Jackson v. Jackson, 204 Ala. 257, 85 South. 482; Gray v. Handy, 204 Ala. 559, 86 South. 548; Benton Merc. Co. v. Owensboro Wagon Co., 207 Ala. 49, 91 South. 784.

[3] However, as the evidence for defendant is positive that he paid the amount of the debt to a clerk of plaintiff "over the counter," it is important that we consider that the apparent authority of an agent engaged in the conduct of the master's business is to be gathered from the facts and circumstances surrounding the transaction. The powers of such agent are prima facie coextensive with the business intrusted to his care, and cannot be narrowed by secret instructions or limitations not known to a person who in good faith deals with him, acting for the principal. Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 South. 46; Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 South. 63; Roberts & Sons v. Williams, 198 Ala. 290, 73 South. 502; Penn. Fire Ins. Co. v. Draper, 187 Ala. 103, 65 South. 923; Ray v. Fidelity-Phœnix Fire Ins. Co., 187 Ala. 91, 65 South. 536; Sloss-Sheffield, S. & I. Co. v. Payne, 186 Ala. 341, 64 South. 617; St. Louis & S. F. R. R. Co. v. Hall, 186 Ala. 353, 65 South. 33; Sun Ins. Office of London v. Mitchell, 186 Ala. 420, 65 South. 143; Simpson & Harper v. Harris & Scrandrett, 174 Ala. 430, 56 South. 968; Doran & Co. v. Gilreath, 196 Ala. 377, 72 South. 94; Wooten v. Federal Discount Co., 7 Ala. App. 351, 62 South. 263.

[4] When one has reasonably and in good faith been led to believe, from the appearance of authority which a principal permitted his agent to exercise, that a certain agency exists, and in good faith acts on such belief to his prejudice, the principal is estopped from denying such agency. Doran & Co. v. Gilreath, supra; Ray v. Fidelity-Phœnix Fire Ins. Co., supra; Alston v. Broadus Cotton Mill, 152 Ala. 552, 44 South. 654; Georgia Home Ins. Co. v. Allen, 128 Ala. 451, 30 South. 537. The defendant having shown that he made the payment over the counter in the store of the principal to the clerk who had "waited on" him, and who was "selling goods and waiting on customers and receiving money" for his employer, is the authority of the clerk to receive such payments implied? 21 R. C. L. p. 854; 2 C. J. p. 606, § 239; 31 Cyc. 1358C; 22 Am. & Eng. Ency. of Law (2d Ed.) p. 520, f.

The case of Barbour v. Washington F. & M. Ins. Co., 60 Ala. 433, was where the payment of a promissory note to the payee was made before maturity, and is not an apt authority in this case. So of McFarland v. Dawson, 125 Ala. 428, 29 South. 327, where the action was assumpsit for personal services, and defendant sought to show payment under a special contract. Under such plea the burden of proof was upon the defendant as to the existence and nature of the special contract. In Shulman v. Brantley, 50 Ala. 81, an action on open account, the burden was declared to be on defendant who asserts payment. In Lehman Bros. v. McQueen, 65 Ala. 570, bill for foreclosure of mortgage and account, the burden of showing the existence of debt was upon the complainant, and on defendant rested the burden of showing payment. In Levystein v. Whitman, 59 Ala. 345, where the foreclosure of a mortgage was sought, the question of the application of payment was considered, and, the payment being disputed, the burden of proving the same was, declared to be upon him who asserts it; and in McRae's Adm'r v. McDonald, 57 Ala. 423, the bill was to enjoin an action of ejectment brought for the recovery of lands, and it was held that it "cannot be maintained, unless payment of the purchase money in full, or tender and refusal, is proved as alleged.". In such case the burden of proof was on complainant. The foregoing authorities are not decisive of the instant question.

Appellant urges consideration of Simon & Son v. Johnson, 101 Ala. 368, 13 South. 491, s. c., 105 Ala. 344, 16 South. 884, 53 Am. St. Rep. 125, and s. c., 108 Ala. 241, 19 South. 244, where the action was assumpsit for goods, not in his possession, sold by the agent, and to be delivered by the principal. The question was the authority of the traveling salesman making a contract for the sale of such merchandise for future delivery. Held, such salesman had no implied authority to collect from the purchaser the money agreed to be paid for the goods sold; and, in the absence of express authority to make such collection, the payment to such agent will not discharge the purchaser from his liability for the debt to the principal. In this opinion the expression is used that there was no evidence adduced at the trial tending to show that the agent "had any express authority to collect the debt involved in this action" from the defendant.

"No such authority is implied in the fact that he, plaintiffs' traveling salesman, sold to the defendant the goods constituting the consideration of the debt."

The foregoing case is cited in Edwards v. Kilgore, 192 Ala. 343, 68 South. 888, where the bill was to enforce a vendor's lien for a balance of the purchase money which was alleged to have been paid to one Jeter, a real estate agent. The answer to the cross-bill denied the right of Jeter to receive the purchase money, denied acquiescence in such payment, but averred demand for payment of the balance due on said purchase. The general rule stated was:

"The weight of authority supports the proposition that an agent without authority is not authorized to collect money for his principal; there is no implied authority to collect the price agreed to be paid by the purchaser.".

In Gould v. Cates Chair Co., 147 Ala. 629, 41 South. 675, the action was on a sales contract, made by a ·traveling salesman of a corporation whose authority ˙was limited to taking orders, subject to approval by the corporation. Held that the order did not constitute a contract in the absence of an acceptance by the principal, that, under the facts, the silence on the part of the principal did not constitute acceptance, and that, as affecting the principal of the salesman, proof of a custom obtaining among such salesmen alone is inadmissible, as not embracing the principal of such salesman. In Key v. Goodall, Brown & Co., 7 Ala. App. 227, 230, 60 South. 986, the court said that the fact that the traveling salesman was authorized to sell goods for the plaintiff did not carry with it the implied authority to release the original debtor accepted by the plaintiff, and substitute another in his place, or to collect from the original purchaser ˙the money due for the goods sold.

[5] The general authorities in this and other jurisdictions are to the effect that it is established that an agent not having possession of the goods, other than a factor or auctioneer, authorized to sell or find a⁀ market for commodities, has no implied authority to receive or collect payment therefor; but this rule has certain well-recognized limitations. Simon & Son v. Johnson, 101 ˙Ala. 368, 13 South. 491, s. c., 105 Ala. 344, 16 South. 884, 53 Am. St. Rep. 125, and s. c., 108 Ala. 241, 19 ˙South. 244; Lyles-Black Co. v. Alldredge, 10 Ala. App. 632, 65 South. 696; Dotham Gro. Co. v. White Bros., 14 Ala. App. 405, 69 South. 992. The. last-cited cases are what are known as "traveling salesmen cases," where such salesman has not the possession of the goods, but is selling by sample or for future delivery; hence the holding that such agent has no authority to receive payment binding on the principal.

The limitations of the foregoing general rule are said to be: (1) That an agent or broker having possession of the commodities which he is authorized to sell has implied authority to receive or collect payment therefor (8 A. L. R. p. 215); (2) where a principal holds out his agent as having authority to receive payment for commodities which he is authorized to sell, or has acquiesced in the acceptance by the agent of payment in past transactions with the purchaser, the law implies authority in the agent to receive payment for goods sold by him (8 A. L. R. p. 218); (3) the authority is implied in an agent to receive payment for commodities·sold by him where it is shown that it was the custom or usage in the particular trade so to pay such agents and salesmen, but, to avail a purchaser, it must be shown that at the time he made the payment he had knowledge of, and acted in accordance ,with, that custom or usage (Simon & Son v. Johnson, 101 Ala. 368, 13 South. 491; Lyles-Black Co. v. Alldredge,

10 Ala. App. 632, 65 South. 696); and (4) it is held that payments by a bona fide purchaser of commodities to an agent who had the goods sold in his possession for sale, and sold the same as the owner thereof, are binding on the undisclosed principal (8 A. L. R. p. 223).

[6] .Neither of the foregoing class of cases is decisive of the instant question, whether the clerk of the principal who had "waited on" the defendant and on other customers in the sale of goods, and who received the purchase price therefor, had the right to receive full payment from the customer of the bill for purchases theretofore made and rendered, and where the payment was made over the counter of the principal's store to such salesman, accustomed to receive money at such place for his employer. Authority to receive˙ payment will be implied in favor of an innocent person purchasing and making payment over the counter (Hirshfield v. Waldron, 54 Mich. 649, 651, 20 N. W. 628; Kaye v. Brett, 5 Exch. 269), for the principal gives the agent the apparent authority to receive payment. Butler v. Dorman, 68 Mo. 298, 30 Am. Rep. 795; Law v. Stokes, 32 N. J. Law, 249, 90 Am. Dec. 655. Of necessity, the rule of a salesman authorized to receive money over the counter does not apply to the act of such salesman in receiving payment elsewhere than in the shop. Hirshfield v. Waldron, supra; Kaye v. Brett, supra; 2 C. J. p. 606, par. 239.

In Seiple v. Irwin, 30 Pa. 513, the court below charged that—

"The evidence shows Wilson to have been a salesman for plaintiffs, or that he was employed by them to sell goods. * * * The fact no doubt is that the. goods charged defendants in. this suit were sold by John Wilson to defendants. The defendants have offered in evidence John Wilson's receipt, dated a few days after the sale, for the amount of the bill. Where a person is employed to sell goods, and is intrusted with the possession and disposal of them by the owners, and sells for cash, payment to him by the purchaser will be good; and it may well be so when he sells on credit; but, on the other hand, when the person is merely employed to sell goods, and sells on a credit, *without having the possession or disposal of them,* a payment to him will not be good without some other evidence of authority." (Italics supplied.)

The appellate court said of the question, under the charge of the lower court, that the extent of the agent's authority was properly submitted as a jury question. Continuing, the court said:

"It is undeniable that an agent to whom merchandise has been intrusted, with authority· to sell and deliver it, is authorized to receive the price; otherwise the fraud on the purchaser would run into cruelty. This agent's powers were not embraced in· that description. He was employed only to make sales. As a check, his employers seem to have retained in their own hands the *delivery of the goods and the appointment of the terms of sale.* The goods in question were *so delivered as to inform the defend-*

*ants sufficiently of the character* of the agency." (Italics supplied.)

In Law v. Stokes, 32 N. J: Law, 249, 90 Am. Dec. 655, the doctrine of Seiple v. Irwin, supra, was approved, and the statement made that—

"Where an agent is intrusted with the possession of goods, with an unrestricted power to sell, * * * or payments are made over the counter of the principal's store to a shopman accustomed to receive money there for his employer, * * * the authority to receive payment will be implied in favor of innocent persons, because the principal, by his own act, gives to the agent an apparent authority to receive such payment. But if the principal forbids such payments, and requires all payments to be made to himself personally, or to a cashier, and gives a customer notice thereof, the customer would have no right to insist upon the apparent rather than the real authority of the agent. In the case now before the court Sheriden had not the possession of the goods. The sale was made on a credit, and the payment was made to him, not over the plaintiff's counter, at his place of business, but at the defendant's hotel."

In Butler v. Dorman, 68 Mo. 298, 30 Am. Rep. 795, the authority of Seiple v. Irwin, was approved, the foregoing excerpt from the latter case quoted, and the opinion in Butler v. Dorman concludes with this observation:

"It seems clear that, where the principal has clothed the agent with the *indicia* of authority to receive payment, as by intrusting to him the *possession of the goods to be sold* [italics supplied], the purchaser is warranted in paying the price to the agent, but when the agent has not the possession of the goods, or other *indicia* of authority, and is only authorized to sell, if the purchaser pays the price to the agent, he does so at his peril, and it devolves upon him, in a suit for the purchase money by the principal, to prove that the agent was also authorized to receive payment."

Under the facts of the instant case, the judgment of the circuit court, sustaining the plea of payment, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.